UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

ACCESS 4 ALL, INC. and
NELSON M. STERN,

                       Plaintiffs,

v.

ABA HEIMAN and JERRY HEIMAN,

                       Defendants.
-------------------------------------------------------

ANSWER

07-CV-2923(LBS)

      As and for their Answer to Plaintiffs' Complaint, Aba Heiman, Pro Se, and Jerry Heiman, represented by Aba Heiman, an attorney admitted to practice before this Court, hereby respond together to each of the plaintiffs' numbered paragraphs as follows:

1. Defendants lack knowledge as to the truth of this allegation.

2. Defendants lack knowledge as to the truth of this allegation.

3. Denied. Defendants have no ownership interest in Prel Plaza.

4. Denied insofar as the allegation that Defendants own Prel Plaza.

5. Denied because Defendants neither violated the laws cited, nor are they applicable to Defendants because they do not own Prel Plaza.

6. Defendants lack knowledge as to the truth of these allegations.

7. Defendants lack knowledge as to the truth of these allegations concerning "Access 4 All," and Defendants committed no act of discrimination against Plaintiffs because neither of them, either individually or together, owns Prel Plaza (or any part thereof), and accordingly are, likewise, not "compelled to comply with the requirements of the ADA."

8. Denied. Defendants do not own, lease, lease to, or operate "a place of public accommodation as defined by the ADA" (and its implementing regulations) within Prel Plaza and, again, Defendants do not own Prel Plaza.

9. Denied. Defendants are not responsible, in any way, for any discrimination allegedly suffered by Plaintiffs, and Plaintiffs have no credible reason to believe that Defendants are responsible for such alleged discrimination. Finally, Defendants are without knowledge as to whether Plaintiff, Nicholas M. Stern, desires to visit or revisit Prel Plaza "without fear of discrimination."

10. Denied. Defendants have not discriminated against Plaintiffs.

11. Denied for reasons stated above and Defendants likewise have no knowledge concerning any of the itemized violations (none of which, if they exist, are applicable to Defendants).

12. Denied. Defendants do not own or lease any of the premises within Prel Plaza and are, therefore, in no position to grant access to Plaintiffs to that property.

13. Denied for the reasons stated above.

14. Defendants are without knowledge as to the "irreparable harm" which Plaintiffs claim to have suffered. Plaintiffs are not entitled to attorneys fees, costs and litigation expenses from Defendants (under the law and regulation cited) because they should not prevail in this action they have commenced against Defendants.

15. Denied. As Defendants neither own nor lease any property at Prel Plaza and do not operate any place of public accommodation at Prel Plaza, Defendants are not responsible for making improvements upon that property (that conform with the ADA).

16. Denied as Defendants have not committed any violations with respect to Prel Plaza and further denied as to other legal claims alleged by Plaintiffs.

17. Denied as to Plaintiffs' claim that Defendants committed any violations of the ADA. Likewise denied as to Plaintiffs' claim that the ADA is applicable to Defendants. Therefore, denied that there is legal authority to support Plaintiffs' demand for injunctive relief against Defendants.

### Affirmative Defenses

1. Defendants do not own Prel Plaza or any part thereof, nor to their knowledge have they ever known or been told (until now by Plaintiffs) that they own Prel Plaza or some part thereof.

2. Defendants do not lease or operate a place of public accommodation within Prel Plaza, nor have they ever known or been told (until now by Plaintiffs) that they lease or operate a place of public accommodation at Prel Plaza.

3. Defendants have no legal obligations to Plaintiffs.

WHEREFORE, Plaintiffs' demands for injunctive relief (with attorneys' fees) against Defendants should be dismissed and Defendants should be entitled to recover reasonable attorney fees, costs and litigation expenses from Plaintiffs.

Dated: East Meadow, New York
      May 5, 2007

Yours,

Aba Heiman and Jerry Heiman

By: /s/ *Aba Heiman*
    Aba Heiman, Esq. (AH 3728)
    1523 Tyler Avenue
    East Meadow, New York 11554
    (516) 496-0400 x 4405

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

ACCESS 4 ALL, INC. and                    AFFIDAVIT OF SERVICE
NELSON M. STERN,

                  Plaintiffs,            07-CV-2923(LBS)

v.

ABA HEIMAN and JERRY HEIMAN,

                  Defendants.
-------------------------------------------------------

STATE OF NEW YORK)
           :ss
COUNTY OF NASSAU)

      Belinda Torres, being duly sworn, say: I am not a party to this action, am over 18 years of age and reside at Medford, New York. On the 6th day of May 2007, I served Defendants' Answer upon:

      Nelson M. Stern, Esq.       &      Lawrence A. Fuller, Esq.
      964 Third Ave., 5th Fl.             Fuller, Fuller & Assoc., PA
      New York, NY 10155           12000 Biscayne Blvd., #609
                                                        North Miami, FL 33181

by first class mail.

                                                 _____
                                                 Belinda Torres

Sworn to before me this
6th day of May 2007

_____
Notary Public

         BARI M. LEWIS
   Notary Public, State of New York
        No. 02LE4888202
     Qualified in Nassau County
 Commission Expires March 9, 20__