UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACCESS 4 ALL, INC., a Florida Not-For-Profit :
Corporation, and NELSON M. STERN, :
Individually, :
 :
       Plaintiffs, : Case No. 1:07-cv-2923
 :
v. : Judge Leonard B. Sand
 : Magistrate Judge Frank Maas
ABA HEIMAN and JERRY HEIMAN, :
individuals, and ULSTER HEIGHTS :
PROPERTIES, INC., a New York Corporation, :
 :
       Defendants.
_____/

**AMENDED COMPLAINT**
(Injunctive Relief Demanded)

Plaintiffs, ACCESS 4 ALL, INC., a Florida Not-For-Profit Corporation, and NELSON M. STERN, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendants, ABA HEIMAN and JERRY HEIMAN, individuals, and ULSTER HEIGHTS PROPERTIES, INC., a New York Corporation (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Nelson M. Stern, is an individual residing in New York, NY, in the County of New York.

2. Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the State of Florida. ACCESS 4 ALL, INC. maintains its principal office at 3200 N. Palm Aire Dr., #505, Pompano Beach, FL 33069, in the County of Broward.

3. Defendants's property, Prel Plaza, is located at 60 Dutch Hill Road, Orangeburg, NY, in Rockland County.

4. Venue is properly located in the Southern District of New York because venue lies in the judicial district of the property situs. The Defendants's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff Nelson M. Stern is a New York resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Nelson M. Stern has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC., discussed below in paragraph 7.

7. Plaintiff ACCESS 4 ALL, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC.

and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants's discrimination until the Defendants is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC. has also been discriminated against because of its association with its disabled members and their claims.

8. Defendants owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants owns, operates, leases or leases to is known as Prel Plaza, and is located at 60 Dutch Hill Road, Orangeburg, NY.

9. ACCESS 4 ALL, INC. and Nelson M. Stern have a realistic, credible, existing and continuing threat of discrimination from the Defendants's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants. Nelson M. Stern desires to visit Prel Plaza not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendants has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the

buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendants has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Prel Plaza has shown that violations exist. These violations include, but are not limited to:

a. An accessible route within the boundary of the site is not provide from accessible parking, and public streets or sidewalks to the accessible entrance they serve. This is in violation of sections 4.3.2 and 4.6.3 of the ADAAG.

b. The accessible route has a change in level. This is in violation of 4.3.8 of the ADAAG.

c. A curb ramp is not provided wherever an accessible route crosses a curb. This is in violation of section 4.7.1 of the ADAAG.

d. The site does not provide the appropriate number of accessible parking spaces. This is in violation of section 4.6.1 of the ADAAG.

e. The stairway does not provide appropriate handrails. This is in violation of section 4.9.4 of the ADAAG.

f. For one or more stores including, but not limited to Yogi S Café, an accessible route to the toilet room in not provided. This is in violation of section 4.3.3 of the ADAAG.

g. For one or more stores including, but not limited to Yogi S Cafe, an accessible toilet room is not provided. This is in violation of section 4.22.1 of the ADAAG.

h. For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the toilet room does not provide appropriate grab bars at the water closets. This is in violation of section 4.22.4 of the ADAAG.

i. For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the pipes underneath the lavatory inside the toilet rooms are exposed. This is in violation of section 4.22.6 of the ADAAG.

j. For one or more stores including, but not limited to Bamboo Garden, the toilet paper, inside the toilet room, is out of reach to a person using a wheelchair. This is in violation of section 4.16.6 of the ADAAG.

k. For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the

        mirror inside the toilet room is too high. This is in violation of section 4.22.6 of the ADAAG.

    l.    For one or more stores including, but not limited to Yogi S Cafe, the lavatory inside the toilet room has faucets that require tight grasping and twisting of the wrist to operate. This is in violation of section 4.22.6 of the ADAAG.

    m.    For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the receptacles are out of reach to a person using a wheelchair. This is in violation of section 4.27.3 of the ADAAG.

    n.    For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the toilet room door hardware requires tight grasping and twisting of the wrist to operate. This is in violation of section 4.22.4 of the ADAAG.

12.    The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendants's ADA violations. Plaintiffs require the inspection of the Defendants's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.    Defendants has discriminated against the individual and corporate Plaintiffs by denying them

access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendants is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants's place of public accommodation since January 26, 1992, then the Defendants is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants's facility must be readily accessible to and

useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendants is not required as a result of the Defendants's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter Prel Plaza to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

 a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

 b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise

  treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

        Respectfully Submitted,

        Nelson M. Stern, Esquire (NS8646)
        NELSON M. STERN ATTORNEY AT LAW
        Counsel for Plaintiff Access 4 All, Inc.
        964 Third Ave., 5th Floor
        New York, NY 10155
        (212) 223-8330; (212) 371-2131 - Facsimile
        scooterlawyer@aol.com

        and

        Lawrence A. Fuller, Esquire (LF5450)
        FULLER, FULLER & ASSOCIATES, P.A.
        Co-Counsel for Plaintiffs
        12000 Biscayne Blvd., Suite 609
        North Miami, FL 33181
        (305) 891-5199
        (305) 893-9505 - Facsimile
        lfuller@fullerfuller.com

        By: /s/Lawrence A. Fuller
          Lawrence A. Fuller, Esquire

        Date: May 11, 2007

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail and U.S. Mail on this 11th day of May, 2007 to:

Aba Heiman
Jerry Heiman
c/o Aba Heiman, Esq.
1253 Tyler Avenue
East Meadow, NY 11554
aheimann@fbrlaw.com

                    By: __/s/Lawrence A. Fuller__