UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

ACCESS 4 ALL, INC. and
NELSON M. STERN,

                                Plaintiffs,

v.

ABA HEIMAN and JERRY HEIMAN,
individuals, and ULSTER HEIGHTS
PROPERTIES, INC., a New York Corp.,

                                Defendants.
-------------------------------------------------------

ANSWER TO
AMENDED COMPLAINT

07-CV-2923(LBS)(FM)

      As and for their Answer to Plaintiffs' Amended Complaint, Aba Heiman, Pro Se, and Jerry Heiman, represented by Aba Heiman, an attorney admitted to practice before this Court, hereby respond together to each of the plaintiffs' numbered paragraphs as follows:

      1.     Defendants ABA HEIMAN and JERRY HEIMAN lack knowledge as to the truth of this allegation.

      2.     Defendants ABA HEIMAN and JERRY HEIMAN lack knowledge as to the truth of this allegation.

      3.     Denied insofar as Defendants ABA HEIMAN and JERRY HEIMAN have no ownership interest in Prel Plaza.

      4.     Denied insofar as the allegation that Defendants ABA HEIMAN and JERRY HEIMAN own Prel Plaza.

      5.     Denied insofar as Defendants ABA HEIMAN and JERRY HEIMAN neither violated the laws cited, nor are they applicable to Defendants ABA HEIMAN and JERRY HEIMAN because they do not own Prel Plaza.

6. Defendants ABA HEIMAN and JERRY HEIMAN lack knowledge as to the truth of these allegations.

7. Defendants ABA HEIMAN and JERRY HEIMAN lack knowledge as to the truth of these allegations concerning "Access 4 All" and Defendants ABA HEIMAN and JERRY HEIMAN committed no act of discrimination against Plaintiffs because neither of them, either individually or together, owns Prel Plaza (or any part thereof), and accordingly are, likewise, not "compelled to comply with the requirements of the ADA."

8. Denied insofar as Defendants ABA HEIMAN and JERRY HEIMAN do not own, lease, lease to, or operate "a place of public accommodation as defined by the ADA" (and its implementing regulations) within Prel Plaza and, again, Defendants ABA HEIMAN and JERRY HEIMAN do not own Prel Plaza.

9. Denied insofar as Defendants ABA HEIMAN and JERRY HEIMAN are not responsible, in any way, for any discrimination allegedly suffered by Plaintiffs, and Plaintiffs have no credible reason to believe that Defendants ABA HEIMAN and JERRY HEIMAN are responsible for such alleged discrimination. Finally, Defendants ABA HEIMAN and JERRY HEIMAN are without knowledge as to whether Plaintiff Nicholas M. Stern, desires to visit or revisit Prel Plaza "without fear of discrimination."

10. Denied insofar as Defendants ABA HEIMAN and JERRY HEIMAN have not discriminated against Plaintiffs.

11. Denied for reasons stated above and Defendants ABA HEIMAN and JERRY HEIMAN likewise have no knowledge concerning any of the itemized violations (none of which, if they exist, are applicable to Defendants ABA HEIMAN and JERRY HEIMAN).

12. Denied insofar as Defendants ABA HEIMAN and JERRY HEIMAN do not own or lease any of the premises within Prel Plaza and are, therefore, in no position to grant access to Plaintiffs to that property.

13. Denied as to Defendants ABA HEIMAN and JERRY HEIMAN for the reasons stated above.

14. Defendants ABA HEIMAN and JERRY HEIMAN are without knowledge as to the "irreparable harm" which Plaintiffs claim to have suffered. Plaintiffs are not entitled to attorneys fees, costs and litigation expenses from Defendants ABA HEIMAN and JERRY HEIMAN (under the law and regulation cited) because they should not prevail in this action that they have erroneously commenced against Defendants ABA HEIMAN and JERRY HEIMAN.

15. Denied insofar as Defendants ABA HEIMAN and JERRY HEIMAN neither own nor lease any property at Prel Plaza, do not operate any place of public accommodation at Prel Plaza, and Defendants ABA HEIMAN and JERRY HEIMAN are not responsible for making improvements upon that property (that conform with the ADA).

16. Denied as Defendants ABA HEIMAN and JERRY HEIMAN have not committed any violations with respect to Prel Plaza and further denied as to other legal claims alleged by Plaintiffs.

17. Denied as to Plaintiffs' claim that Defendants ABA HEIMAN and JERRY HEIMAN committed any violations of the ADA. Likewise denied as to Plaintiffs' claim that the ADA is applicable to Defendants ABA HEIMAN and JERRY HEIMAN.

Therefore, denied that there is legal authority to support Plaintiffs' demand for injunctive relief against Defendants ABA HEIMAN and JERRY HEIMAN.

Affirmative Defenses

1. Defendants ABA HEIMAN and JERRY HEIMAN do not own Prel Plaza or any part thereof, nor to their knowledge have they ever known or been told (until they read Plaintiffs' Complaint) that they own Prel Plaza or some part thereof.

2. Defendants ABA HEIMAN and JERRY HEIMAN do not lease or operate a place of public accommodation within Prel Plaza, nor have they ever known or been told (until they read Plaintiffs' Complaint) that they lease or operate a place of public accommodation at Prel Plaza.

3. Defendants ABA HEIMAN and JERRY HEIMAN have no legal obligations to Plaintiffs.

WHEREFORE, Plaintiffs' demands for injunctive relief (with attorneys' fees) against Defendants ABA HEIMAN and JERRY HEIMAN should be dismissed and Defendants ABA HEIMAN and JERRY HEIMAN should be entitled to recover reasonable attorney fees, costs and litigation expenses from Plaintiffs.

Dated: East Meadow, New York
       May 20, 2007

                                    Yours,

                                    Aba Heiman and Jerry Heiman

                                    By:   /s/ Aba Heiman, Esq.
                                          Aba Heiman, Esq. (AH 3728)
                                          1523 Tyler Avenue
                                          East Meadow, New York 11554
                                          (516) 496-0400 x 4405

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

ACCESS 4 ALL, INC. and                         AFFIDAVIT OF SERVICE
NELSON M. STERN,

                      Plaintiffs,            07-CV-2923(LBS)(FM)

    v.

ABA HEIMAN and JERRY HEIMAN,
individuals, and ULSTER HEIGHTS
PROPERTIES, INC., a New York Corp.,

                      Defendants.
-------------------------------------------------------

STATE OF NEW YORK)
            :ss
COUNTY OF NASSAU)

       Belinda Torres, being duly sworn, say: I am not a party to this action, am over 18 years of age and reside at Medford, New York. On the 21st day of May 2007, I served Defendants' (Aba Heiman and Jerry Heiman) Answer to Amended Complaint upon:

        Nelson M. Stern, Esq.  &  Lawrence A. Fuller, Esq.
        964 Third Ave., 5th Fl.     Fuller, Fuller & Assoc., PA
        New York, NY 10155       12000 Biscayne Blvd., #609
                                           North Miami, FL 33181

by first class mail.

                                                      _/s/ Belinda Torres_
                                                      Belinda Torres

Sworn to before me this
22nd day of May 2007
_/s/ Bari M. Lewis_
Notary Public

          BARI M. LEWIS
   Notary Public, State of New York
        No. 02LE4888202
    Qualified in Nassau County
  Commission Expires March 9, 20_11_