UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------
ACCESS 4 ALL, INC. and                              AFFIRMATION
NELSON M. STERN,

                          Plaintiffs,                      07-CV-2923(LBS)

     v.

ULSTER HEIGHTS PROPERTIES, INC.

                          Defendant.
----------------------------------------------------

       I, Aba Heiman, am an attorney admitted to practice before this Court since 1988. I initially appeared in this action as both a *pro se* defendant and as attorney for my co-defendant brother, Jerry Heiman. At this time, as counsel for Jerry Heiman, I submit this Affirmation in support of a Motion for Attorney Fees under penalty of perjury:

       1.    I was served with plaintiffs' Complaint on Wednesday, April 25, 2007. At that time, only my brother and I were named as defendants.

       2.    Neither I nor my brother own (or have ever owned) (in whole or in any part thereof) the subject property called Prel Plaza (at 60 Dutch Hill Road, Orangeburg, New York).

       3.    Neither I nor my brother lease for ourselves or to others (at any time, past or present) any property within Prel Plaza that is a "place of public accommodation as defined by the ADA" (quoting from the Complaint).

       4.    This was made abundantly clear in our Answer to the Complaint served May 6, 2007, and then again with service of our Initial Disclosures on June 18, 2007. Our Initial Disclosures included a copy of the deed to our property at 65 and 75 Dutch

1

Hill Road, Orangeburg, which is across the street from Prel Plaza (at 60 Dutch Hill Road), to show plaintiffs their confusion and error in naming us as defendants.

5. Plaintiffs failed to disclose any facts or documents establishing that we own Prel Plaza or lease a place of public accommodation in Prel Plaza.

6. Plaintiffs then served an Amended Complaint, adding Ulster Heights Properties, Inc. as an additional defendant on May 11, 2007, and on behalf of myself and my brother, I filed an Answer to the Amended Complaint on May 22, 2007. In both the Answer and the Answer to the Amended Complaint, we requested that the action be dismissed against us and that we should be entitled to recover attorney fees and costs from plaintiffs.

7. On June 28, 2007 (following conference of counsel for the parties in good faith, including a proposed settlement by defendants as to counsel fees, which plaintiff declined), plaintiff moved to dismiss against us, but only without prejudice, and to amend the caption to leave only Ulster Heights Properties, Inc. as defendant.

8. Our response was that the dismissal should be with prejudice and that we should be entitled to attorney fees.

9. Following a teleconference with the Court on July 23, 2007, plaintiffs' motion to dismiss against us without prejudice and amend the caption was endorsed, and additionally stated: "Aba and Jerry Heiman may seek to recover counsel fees when action is resubmitted on the merits. So ordered."

10. On November 6, 2007, I was copied on a letter from plaintiff's counsel requesting to appear by telephone at a conference scheduled for November 20, 2007 concerning their motion for default judgment (apparently against the sole remaining

defendant, Ulster Heights Properties, Inc., even though the letter still names us as if we were still defendants), and it was stamped/signed "Memo Endorsed."

      11.    I then received ECF notification that a Clerk's Certificate of the default by Ulster Heights Properties, Inc. had been noted, certified, and filed on December 4, 2007.

                                Respectfully Submitted,

                                _____
                                Aba Heiman, Esq. (AH 3728)