As this action alleging unlawful discrimination under the Americans with Disabilities Act [the "ADA"] has been dismissed against former defendants, Aba Heiman and Jerry Heiman, and the sole remaining defendant, Ulster Heights Properties, Inc. has defaulted, this motion for counsel fees appears ripe for consideration by the Court. We should think that this Court's endorsed memorandum of July 23, 2007, although framed in terms of resubmission of a motion for counsel fees following adjudication of the merits, should be fairly read to deem this motion timely under these circumstances.

Under Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978): "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." In this case, plaintiffs' claim was both "unreasonable" and "groundless," and "plaintiff continued to litigate after it clearly became so." Defendant brothers Aba and Jerry Heiman indicated in our Answer to the Complaint that we neither owned Prel Plaza (a complex of office buildings and stores at 60 Dutch Hill Road), nor did we lease a "place of public accommodation" there. Our Initial Disclosures not only reiterated this, but further provided (in good faith) a deed to property in which we actually have a minority ownership interest across the street from Prel Plaza at 65 and 75 Dutch Hill Road. Upon further investigation, plaintiffs realized that the proper defendant (owner/operator of Prel Plaza) was Ulster Heights Properties, Inc., but instead of dismissing their groundless Complaint against the Heiman brothers, plaintiffs served and filed an Amended Complaint against them, merely adding Ulster Heights Properties, Inc. as an additional defendant. That required the Heiman brothers to provide an Answer to the Amended Complaint. The first time, it was apparently just a careless mistake for

plaintiffs' counsel to rely upon an investigation that resulted in naming defendants at the wrong address (not where the alleged discrimination took place), but the second time, after the Heiman brothers brought this mistake to the attention of plaintiffs' counsel in both their Answer and Initial Disclosures, plaintiffs were unreasonable in amending their Complaint and continuing to name the Heiman brothers as defendants.  At no time did plaintiffs have any document showing that the Heiman brothers own Prel Plaza at 60 Dutch Hill Road, or that they lease a place of public accommodation there, but nevertheless proceeded to file both a Complaint and then an Amended Complaint making that very claim, and falsely charging the Heiman brothers with violation of the ADA.  We believe these facts satisfy the Christianburg criteria for finding plaintiff liable for counsel fees payable to defendants.[1]

      We are not oblivious to concerns over a possible "chilling effect" that such an award of fees to defendants might have in other cases brought by ADA plaintiffs, but this Court need not be troubled by that in this case.  First, we're not talking about an action by an isolated plaintiff who has genuinely suffered from discrimination on the basis of his disability by a large, corporate defendant. "[P]laintiff Stern has commenced more than 75 actions alleging violations of the ADA in the Southern and Eastern Districts of New York, and that his co-counsel, Fuller, Fuller & Associates, has represented plaintiffs in at least 92 such actions over the past two years." Access 4 All, Inc. v. Hi 57 Hotel, LLC,

---

[1] *See also*, Goldstein v. Costco Wholesale Corp., 337 F.Supp.2d 771 (E.D.Va. 2004) (civil rights organization liable for attorney fees following baseless ADA claim); *accord* Peters v. Winco Foods, Inc., 320 F.Supp.2d 1035 (E.D.Cal.2004), *affirmed* 151 Fed.Appx. 549, 2005 WL 2673539; Greenberg v. Hilton Intern. Co., 870 F.2d 926, 940 (2nd Cir.1989), *vacated on other grounds,* 875 F.2d 39 (2nd Cir.1989) (Christianburg factors may be considered after claim, as here against the Heiman brothers, has been dismissed).

2

No. 04-CV-6620, 2007 WL 196969 * 3 (S.D.N.Y. Jan. 26, 2006).  Stern is not only an allegedly aggrieved victim of discrimination (in this and scores of other cases), but is himself an attorney and petitions for counsel fees under the ADA, asking $425 per hour. *Id.* at * 2.  As a prevailing party, he, as I, would be entitled to fees, not in the capacity of a *pro se* party, but as counsel to a party (he as counsel for Access 4 All, Inc., and I as counsel for Jerry Heiman). *Id.* at fn. 1.  Since this action was dismissed against the Heiman brothers, there is no question that they are prevailing parties.

As this Court noted, *Id.* at fn.1, Stern wears two hats.  He has apparently alleged suffering from discrimination under the ADA at least 75 different times within this Circuit alone and expects to recoup attorney fees wherever a court finds him justified, so he should not be heard to complain when he must pay counsel fees under the ADA.  He commenced this unfounded action against the Heiman brothers and then maintained the action even after he was advised that it was unfounded.  Plaintiffs simply do not deserve to be insulated by this Court from liability for counsel fees.  It was the Heiman brothers who were victimized by this unfounded and unreasonably maintained action.

Therefore, Aba Heiman, Esq., for services rendered in representing his co-defendant brother, Jerry Heiman, should be granted reasonable attorney fees, as requested in the Answer and Answer to the Amended Complaint, pursuant to 42 U.S.C. § 12205 and the <u>Christianburg</u> factors, because plaintiff's posture in litigation was: "unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."

The present hourly rate which my firm[2] charges to clients receiving my services is $375 and that rate has been in effect since July 1, 2005. Before that (for more than three years) that rate was $300 per hour and that rate was recognized as reasonable in a Report and Recommendation of a Magistrate Judge from the Eastern District in Rappa v. Connecticut General Life Ins. Co., No. 03-CV-5286 (E.D.N.Y. June 28, 2005)[3] at p. 6:

> Plaintiff's counsel has a great deal of experience in the practice of employee benefit litigation. Plaintiff's counsel charges $300 per hour, and this amount is reasonable for someone with his experience in the New York metropolitan market. Counsel submits documentation of his dozens of pending ERISA cases and attesting to his handling of almost four hundred disability cases over the last decade.

While I do have more than a decade of experience in representing disabled plaintiffs under ERISA (and even longer in claims for Social Security disability benefits),[4] I have never litigated any claims under the ADA. Accordingly, I don't expect this Court to award my firm's current billing rate of $375 per hour for my services here. However, as plaintiff Stern bills $425 for his services in ADA cases, perhaps this Court will find that the rate of $300, found reasonable for my litigation services two years ago in the Eastern District, is not unreasonable at this time and in this case within the Southern District.

Respectfully Submitted,

/s/
Aba Heiman, Esq. (AH 3728)
*Attorney for Jerry Heiman*
1523 Tyler Avenue
East Meadow, New York 11554
(516) 496-0400 x 4405

---

[2] I am employed by Fusco, Brandenstein & Rada, P.C., *see* www.fbrlaw.com, but am not handling this matter through the firm.
[3] As the Report and Recommendation is unreported, it is appended.
[4] *See e.g.* Shaw v. Chater, 221 F.3d 126 (2d Cir. 2000).