omitted). The first four factors weigh in plaintiff's favor and the fifth factor is neutral. Thus, I recommend the court find that an award of attorney's fees is appropriate in this case and that it exercise discretion and award reasonable fees. Defendants argue that an award of fees is premature at this point in the litigation, and cite in support the same unpublished opinion of the Second Circuit mentioned above. This time they contend that the Second Circuit held that where a district court remands the case for further administrative proceedings, an award of attorney's fees is premature. Again I note that unpublished summary orders of the Second Circuit cannot be cited in this court. Furthermore, a finding of no abuse of discretion in a district court's determination is not a Second Circuit holding as to that determination. But in any event, an award of attorney's fees is not premature here. If plaintiff never has to come back to court to vindicate his pension rights with respect to these defendants, this is his chance to request attorney's fees. If plaintiff has to come back to court at a future date, there is nothing stopping him from applying at that future date for attorney's fees subsequently incurred. Because I have determined that an award of attorney's fees is appropriate in this situation, I accordingly go on to recommend reasonable fees.

B. Calculation of Reasonable Attorney's Fees.

The Second Circuit has adopted the lodestar approach to calculating fees. See Bourgal v. Lakewood Haulage, Inc., 827 F. Supp. 126, 129 (E.D.N.Y. 1993) (Glasser, J.), citing Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989). In computing the lodestar, a court multiplies the number of hours reasonably worked by what it deems to be a reasonable hourly rate. Bourgal, F. Supp. at 129. Fee awards are to be calculated in accordance