UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACCESS 4 ALL, INC., a Florida Not-For-Profit :
Corporation, and NELSON M. STERN, :
Individually, :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiffs, 　　　　　　　　　　: Case No. 1:07-cv-2923
　　　　　　　　　　　　　　　　　　　　　　:
v. 　　　　　　　　　　　　　　　　　　　　 : Judge Leonard B. Sand
　　　　　　　　　　　　　　　　　　　　　　: Magistrate Judge Frank Maas
ABA HEIMAN and JERRY HEIMAN, 　　　　  :
individuals, and ULSTER HEIGHTS 　　　　　:
PROPERTIES, INC., a New York Corporation, :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendants. 　　　　　　　　　　
_____/

## PLAINTIFFS' VERIFIED OPPOSITION TO MOTION FOR ATTORNEY FEES FILED BY ABA AND JERRY HEIMAN

Plaintiffs, by and through undersigned counsel, hereby oppose the Motion For Attorney Fees filed by former Defendants Aba Heiman and Jerry Heiman [DE14], and state as follows:

Plaintiffs, disabled persons, commenced the instant action seeking injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. Section 12181, et seq. for the removal of discriminatory barriers to access present at the place of public accommodation known as Prel Plaza, located at 60 Dutch Hill Road in Orangeburg, NY.

2. Plaintiffs attorneys commenced their initial ownership investigation by requesting a title search from a professional title company, which they used in the past and has proven itself reliable. Results received from the Plaintiffs' title investigator indicated that Defendants Aba Heiman and Jerry Heiman ("the Heimans") were the title owners of the subject property. A true and correct copy of the information received from the title search company is attached hereto as Exhibit A.

Based on the title investigation, Plaintiffs named the Heimans as parties Defendant and

served the same. On behalf of himself and his brother, Aba Heiman filed an Answer on May 7, 2007, denying ownership. This was the first response Plaintiffs' counsel received from the Heimans. They did not attempt to make any earlier contact to advise Plaintiffs' counsel that they did not own the property.

On May 9, 2007, upon learning of the Heimans' denial of ownership, Plaintiffs' Attorney Thomas B. Bacon promptly contacted Mr. Aba Heiman to discuss his disclaimer of ownership. At that time Mr. Bacon advised that the Heimans appeared as probable owners of the property (by virtue of the title search), but that further investigation would be performed pertaining to the ownership of the subject premises. He further assured Mr. Heiman that he need perform no further work on the matter. Mr. Bacon stated that, if such investigation revealed a different owner, that the Complaint would be amended to add the new party and the Heimans would be dismissed if the new party admitted ownership and/or otherwise did not implicate the Heimans as true owners. Attorney Bacon followed this conversation with correspondence attached hereto as Exhibit B. In that correspondence, Attorney Bacon requested that Mr. Heiman stipulate to the filing of an Amended Complaint, naming an additional defendant which may be the true owner, and advising again that the action would be dismissed against the Heimans if their disclaimer of ownership proved true.

On May 10, 2007, Mr. Heiman replied, opposing the proposed stipulation. See Exhibit C. The proposed Amended Complaint was therefore filed on May 14, over the Heimans' objections. The Amended Complaint named Ulster Heights Properties, Inc. as additional Defendant. To date, Ulster Heights has filed no responsive pleading and, accordingly, has not admitted to ownership.

On June 25, 2007, Plaintiffs counsel sent additional correspondence to Aba Heiman, proposing a stipulation for dismissal without prejudice against the Heimans. See Exhibit D.

Respective counsel had discussions between them, wherein Aba Heiman opposed a dismissal *without prejudice*, insisting instead that the dismissal be *with prejudice*. Moreover, Mr. Heiman demanded attorney fees in exchange for any dismissal. Mr. Heiman reiterated this position in email dated June 26. See Exhibit E. In the discussions referenced above, Mr. Bacon stated that a dismissal with prejudice based solely on the Heimans' oral disclaimer of ownership would be tantamount to malpractice (in the event that the Heimans' were subsequently proven to be the actual owners). Mr. Bacon stated that a dismissal *without prejudice* would protect all parties. In such instance, the Heimans would be dismissed from the suit, but the Plaintiffs' rights would be protected if subsequent evidence warranted refiling against the Heimans.

Mr. Bacon also requested that the Heimans join Plaintiffs in seeking a continuance of the initial status conference in order to allow the parties additional time to resolve their ownership issues. Mr. Heiman opposed any such continuances and Plaintiffs therefore applied to the Court for continuance over the Heimans' objections.

Attorney Bacon responded by email dated June 27, advising again that the Heimans were still apparent owners (as shown by the title search). Exhibit E. Mr. Bacon also repeated his request that Mr. Heiman expend no further time on the matter. Moreover, he explained that the Plaintiffs and their counsel had reasonable basis to originally conclude that the Heimans were the property owners. By separate facsimile transmission, Mr. Bacon sent Mr. Heiman the results of the title search, showing that the Heimans were the owners of the property. A copy of the attachment is set forth at Exhibit A. Mr. Heiman again responded by email on June 27, Exhibit F, continuing his opposition.

Plaintiffs have satisfied the applicable standards set forth by the Supreme Court in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978). There, the Court stated that attorney

fees should not be assessed against a civil rights plaintiff merely because a defendant prevails on the merits. The Court stated: "a [civil rights] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Id., at 421-22.

In the case at bar, Plaintiffs had reasonable cause to believe that the Heimans were the owners of the subject property, and therefore were proper defendants. As soon as Plaintiffs' counsel received notice that the Heimans denied ownership, they undertook every effort to resolve the matter with the Heimans, gave them repeated oral and written assurances that the matter would be dismissed against them if their ownership disclaimer proved true, and made every effort to persuade the Heimans against continuing to spend time on the matter. Notwithstanding, the Heimans opposed every effort in this regard and acted unreasonably. From the inception of dialogue between counsel, the Heimans unreasonably demanded attorney fees and that the case be dismissed against them with prejudice. If Plaintiffs' counsel had acquiesced to such dismissal with prejudice based solely on the Heimans' oral representations, such would have been tantamount to malpractice if the Heimans' had turned out to be the true owners. This was especially so where the title search indicated that the Heimans were the title owners. To date, this issue remains unresolved. Nonetheless, Plaintiffs attempted to compromise the problem by offering to dismiss the Heimans without prejudice even without the benefit of an Answer from a third party admitting ownership. Still, this did not satisfy the Heimans, who treated this matter as an opportunity to obtain fees rather than a matter to be reasonably resolved.

WHEREFORE, Plaintiffs respectfully request that this Court deny Heimans' motion for attorney fees.

Respectfully Submitted,

Nelson M. Stern, Esquire (NS8646)
NELSON M. STERN ATTORNEY AT LAW
Counsel for Plaintiff Access 4 All, Inc.
964 Third Ave., 5th Floor
New York, NY 10155
(212) 223-8330; (212) 371-2131 - Facsimile
scooterlawyer@aol.com

and

Lawrence A. Fuller, Esquire (LF5450)
Thomas B. Bacon, *pro hac vice*
FULLER, FULLER & ASSOCIATES, P.A.
Co-Counsel for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

By: __/s/ Thomas B. Bacon__
     Thomas B. Bacon, Esquire

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF system and by U.S. Mail upon the following persons this 21st day of December, 2007.

Aba Heiman, Esq.
1253 Tyler Avenue
East Meadow, NY 11554
aheimann@fbrlaw.com

/s/ Thomas B. Bacon

AFFIDAVIT AND VERIFICATION

    I, Thomas B. Bacon, pursuant to 28 U.S.C. Section 1746, hereby declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct. Executed on December 21, 2007.

By: *[signature]*