# Tom B. Bacon

**From:** Tom B. Bacon [tbb@fullerfuller.com]
**Sent:** Wednesday, May 09, 2007 12:55 PM
**To:** 'aheiman@fbrlaw.com'
**Subject:** Prel Plaza

Dear Aba:
Attached hereto please find the Amended Complaint I propose to file. I have also attached a Stipulation for leave to file which I must have your approval and signature. Once the new defendant is served, and we further confirm that you are not the proper owners, we will dismiss the action against you. Please let me know if we can sign the stipulation on your behalf for filing.
Thank you for your attention and call me if you have any questions.

Thomas B. Bacon, Esquire
12000 Biscayne Blvd.
Suite 609
North Miami, Florida 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505



5/9/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCESS 4 ALL, INC., a Florida Not-For-Profit Corporation, and NELSON M. STERN, Individually,<br><br>        Plaintiffs,<br>v.<br><br>ABA HEIMAN and JERRY HEIMAN, individuals,<br><br>        Defendants. | Case No. 1:07-cv-2923<br><br>Judge Leonard B. Sand<br>Magistrate Judge Frank Maas |

## **STIPULATED ORDER FOR LEAVE TO FILE AMENDED COMPLAINT AND AMEND CAPTION**

NOW COME THE PARTIES, and by and through undersigned counsel, hereby stipulate that Plaintiffs be granted leave to file the attached Amended Complaint and Amend the Caption, naming as additional Defendant Ulster Heights Properties, Inc., and state as follows:

    1. Plaintiffs commenced this action pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. Sections 12181, et seq., seeking injunctive relief for the removal of discriminatory barriers to access present at the Prel Plaza, 60 Dutch Hill Rd., Orangeburg, NY.

    2. In their initial investigation, Plaintiffs believed that the Defendants, Aba and Jerry Heiman, are the current owners of the property.

    3. The Defendants have filed an Answer stating that they have no ownership or other interest in the subject property.

    4. Upon further investigation, Plaintiffs believe that the correct owner is Ulster Heights Properties, Inc., and seeks leave to amend the Complaint to name the proper defendant.

WHEREFORE, the parties respectfully request that Plaintiffs be granted leave to file the Amended Complaint to add Ulster Heights.

                                                                               Respectfully Submitted,

| | |
|---|---|
| Nelson M. Stern, Esquire (NS8646)<br>NELSON M. STERN ATTORNEY AT LAW<br>Counsel for Plaintiff Access 4 All, Inc.<br>964 Third Ave., 5th Floor<br>New York, NY 10155<br>(212) 223-8330<br>(212) 371-2131 - Facsimile<br>scooterlawyer@aol.com | Aba Heiman, Esq.<br>1253 Tyler Avenue<br>East Meadow, NY 11554<br>aheimann@fbrlaw.com<br><br>By: _____<br><br>Date: _____<br><br>ATTORNEY FOR DEFENDANTS<br>ABA AND JERRY HEIMAN |

Lawrence A. Fuller, Esquire
FULLER, FULLER & ASSOCIATES, P.A.
Co-Counsel for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

By:_____
    Lawrence A. Fuller, Esquire
    Bar Number LF5450

Date:_____

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCESS 4 ALL, INC., a Florida Not-For-Profit Corporation, and NELSON M. STERN, Individually,<br><br>　　　　Plaintiffs,<br>v.<br><br>ABA HEIMAN and JERRY HEIMAN, individuals,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:07-cv-2923<br><br>Judge Leonard B. Sand<br>Magistrate Judge Frank Maas |

## **ORDER**

Upon consideration of the parties' Stipulation for leave to file the Amended Complaint and amend the Caption to include Ulster Heights Properties, Inc. as additional Defendant, and it appearing there is good cause for the same, it is hereby ORDERED that said Motion is Granted.

Done and Ordered this _____ day of _____, 2007.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACCESS 4 ALL, INC., a Florida Not-For-Profit :
Corporation, and NELSON M. STERN, :
Individually, :
: 
             Plaintiffs, : Case No. 1:07-cv-2923
v. :
: Judge Leonard B. Sand
ABA HEIMAN and JERRY HEIMAN, : Magistrate Judge Frank Maas
individuals, and ULSTER HEIGHTS :
PROPERTIES, INC., a New York Corporation, :
:
:
             Defendants.
_____/

## AMENDED COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, ACCESS 4 ALL, INC., a Florida Not-For-Profit Corporation, and NELSON M. STERN, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendants, ABA HEIMAN and JERRY HEIMAN, individuals, and ULSTER HEIGHTS PROPERTIES, INC., a New York Corporation (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Nelson M. Stern, is an individual residing in New York, NY, in the County of New York.

2. Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the State of Florida. ACCESS 4 ALL, INC. maintains its principal office at 3200 N. Palm Aire Dr., #505, Pompano Beach, FL 33069, in the County of Broward.

3. Defendants's property, Prel Plaza, is located at 60 Dutch Hill Rd., Orangeburg, NY, in Rockland County.

4. Venue is properly located in the Southern District of New York because venue lies in the judicial district of the property situs. The Defendants's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff Nelson M. Stern is a New York resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Nelson M. Stern has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC., discussed below in paragraph 7.

7. Plaintiff ACCESS 4 ALL, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC.

and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants's discrimination until the Defendants is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC. has also been discriminated against because of its association with its disabled members and their claims.

8. Defendants owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants owns, operates, leases or leases to is known as Prel Plaza, and is located at 60 Dutch Hill Rd., Orangeburg, NY.

9. ACCESS 4 ALL, INC. and Nelson M. Stern have a realistic, credible, existing and continuing threat of discrimination from the Defendants's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants. Nelson M. Stern desires to visit Prel Plaza not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendants has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the

buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendants has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Prel Plaza has shown that violations exist. These violations include, but are not limited to:

   a. An accessible route within the boundary of the site is not provide from accessible parking, and public streets or sidewalks to the accessible entrance they serve. This is in violation of sections 4.3.2 and 4.6.3 of the ADAAG.

   b. The accessible route has a change in level. This is in violation of 4.3.8 of the ADAAG.

   c. A curb ramp is not provided wherever an accessible route crosses a curb. This is in violation of section 4.7.1 of the ADAAG.

   d. The site does not provide the appropriate number of accessible parking spaces. This is in violation of section 4.6.1 of the ADAAG.

   e. The stairway does not provide appropriate handrails. This is in violation of section 4.9.4 of the ADAAG.

   f. For one or more stores including, but not limited to Yogi S Café, an accessible route to the toilet room in not provided. This is in violation of section 4.3.3 of the ADAAG.

   g. For one or more stores including, but not limited to Yogi S Cafe, an accessible toilet room is not provided. This is in violation of section 4.22.1 of the ADAAG.

   h. For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the toilet room does not provide appropriate grab bars at the water closets. This is in violation of section 4.22.4 of the ADAAG.

   i. For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the pipes underneath the lavatory inside the toilet rooms are exposed. This is in violation of section 4.22.6 of the ADAAG.

   j. For one or more stores including, but not limited to Bamboo Garden, the toilet paper, inside the toilet room, is out of reach to a person using a wheelchair. This is in violation of section 4.16.6 of the ADAAG.

   k. For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, , the

mirror inside the toilet room is too high. This is in violation of section 4.22.6 of the ADAAG.

l. For one or more stores including, but not limited to Yogi S Cafe, the lavatory inside the toilet room has faucets that require tight grasping and twisting of the wrist to operate. This is in violation of section 4.22.6 of the ADAAG.

For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the receptacles are out of reach to a person using a wheelchair. This is in violation of section 4.27.3 of the ADAAG.

o. For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the toilet room door hardware requires tight grasping and twisting of the wrist to operate. This is in violation of section 4.22.4 of the ADAAG.

12. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendants's ADA violations. Plaintiffs require the inspection of the Defendants's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendants has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages

5

and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendants is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants's place of public accommodation since January 26, 1992, then the Defendants is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendants is not required as a result of the Defendants's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter Prel Plaza to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

   a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

   b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and

services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

                          Respectfully Submitted,

| | |
|---|---|
| Nelson M. Stern, Esquire (NS8646) | Lawrence A. Fuller, Esquire |
| NELSON M. STERN ATTORNEY AT LAW | FULLER, FULLER & ASSOCIATES, P.A. |
| Counsel for Plaintiff Access 4 All, Inc. | Co-Counsel for Plaintiffs |
| 964 Third Ave., 5th Floor | 12000 Biscayne Blvd., Suite 609 |
| New York, NY 10155 | North Miami, FL 33181 |
| (212) 223-8330 | (305) 891-5199 |
| (212) 371-2131 - Facsimile | (305) 893-9505 - Facsimile |
| scooterlawyer@aol.com | lfuller@fullerfuller.com |

By:_____
    Lawrence A. Fuller, Esquire
    Bar Number LF5450

Date:_____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following persons via the Court's ECF system this _____ day of _____, 2007.

Aba Heiman, Esq.
1253 Tyler Avenue
East Meadow, NY 11554
aheimann@fbrlaw.com

_____

8