# Tom B. Bacon

**From:** Tom B. Bacon [tbb@fullerfuller.com]
**Sent:** Wednesday, June 27, 2007 3:24 PM
**To:** 'Aba Heiman'
**Subject:** RE: [BULK] Access 4 All v. Heiman

Dear Mr. Heiman:
To remind you of our earlier conversations, the title search we received listed yourself and your brother as the title owners of the subject property. Based on your oral representation that neither of you were the owners, we promptly performed a further investigation and indicated to you by email that, if your representation was confirmed, we would dismiss the action against you. I further indicated that you need perform no additional work on the matter. Nonetheless, it appears you continued to expend unnecessary time on the matter. You will find that Plaintiffs meet their burden under the Christiansburg standard because a reasonable belief existed that you and your brother were proper parties. Therefore, we are not inclined to agree to your demand.
As it appears that you will not agree to the proposed stipulation or request for continuance, we will move forward with the same without your consent.
Best,
Tom Bacon

---

**From:** Aba Heiman [mailto:AHeiman@fbrlaw.com]
**Sent:** Tuesday, June 26, 2007 3:08 PM
**To:** Tom B. Bacon
**Subject:** RE: [BULK] Access 4 All v. Heiman

As discussed yesterday, I reviewed authority for attorney fees under the ADA for a prevailing defendant and the cases led me back to <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 422 (1978), wherein "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." The Court also emphasized that the defendant need not prove the plaintiff's "bad faith" to recover attorney fees. Applying those principles to the facts here (thus far known to me), it appears admitted that the suit against Aba & Jerry Heiman was groundless and it must likewise be admitted that following plaintiffs' receipt of their Answer an Amended Complaint was served upon Aba & Jerry Heiman (instead of a stipulation to dismiss). Thus we have at least two of the four criteria. Perhaps if we had received plaintiffs' initial disclosures, there might be other applicable factors favoring an award of attorney fees to defendants' counsel. Since I have prepared an Answer, Answer to Amended Complaint, Initial Disclosures, had to do research, phone calls and e-mails, I realize I could probably ask for a lot more using my hourly rate of $375 (for handling ERISA disability claims), but to avoid motion practice and amicably settle this matter (by amending the stipulation proposed), defendants' counsel will settle for attorney fees in the amount of $1,000.00. Thank you for your kind attention and consideration. Please advise.

Aba Heiman, Esq.
(516) 496-0400 x 4405
aheiman@fbrlaw.com

This written correspondence is privileged and confidential. It is intended solely for the addressee. Any disclosure which is not specifically authorized, any reproduction or distribution or taking of any action in reliance upon the contents of this information is expressly prohibited. Due to Presidential Executive Orders, the National Security Agency may have intercepted and read this email without due process, probable cause, warning, warrant, or notice.

---

**From:** Tom B. Bacon [mailto:tbb@fullerfuller.com]
**Sent:** Monday, June 25, 2007 2:24 PM
**To:** Aba Heiman
**Subject:** [BULK] Access 4 All v. Heiman
**Importance:** Low


EXHIBIT E

6/27/2007

Dear Mr. Heiman:
I have attached hereto a proposed stipulation for dismissal of the above-referenced action against you and your brother. Since you already entered an appearance, your consent is necessary for a continuance of the initial pretrial conference. Please review both documents carefully and let me know whether you consent to our signing your name on your behalf and filing the documents with the Court.
Regards,

Thomas B. Bacon, Esquire
12000 Biscayne Blvd.
Suite 609
North Miami, Florida 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505

6/27/2007

LAW OFFICES OF
# FULLER, FULLER & ASSOCIATES, P.A.
SUITE 609
12000 BISCAYNE BOULEVARD
NORTH MIAMI, FLORIDA 33181

DADE (305) 891-5199
BROWARD (954) 463-6570
FAX (305) 893-9505

June 27, 2007

*via facsimile transmission*
Aba Heiman, Esq.
1253 Tyler Avenue          1523
East Meadow, NY 11554

Re:   Access 4 All, Inc. and Nelson M. Stern v. Aba Heiman and Jerry Heiman, 07-cv-2923
      Our File #3849-NY

Dear Mr. Heiman:

   Attached hereto please find the results of our title search inquiry into the subject property. As you can see, the title company's investigation determined that you were the owner.

   If you have any questions, please do not hesitate to call. Thank you.

                                   Very truly yours,

                                   Thomas B. Bacon