UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACCESS 4 ALL, INC., a Florida Not-For-Profit
Corporation, and NELSON M. STERN,
Individually,

       Plaintiffs,

v.

ULSTER HEIGHTS PROPERTIES, INC., a
New York Corporation,

       Defendants.
_____/

Case No.  1:07-cv-2923

Judge Leonard B. Sand
Magistrate Judge Frank Maas

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT AFTER DEFAULT AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs,, ACCESS 4 ALL, INC., and NELSON M. STERN, pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, move this Court to enter Judgment after Default against the Defendant, ULSTER HEIGHTS PROPERTIES, INC..

### Motion

This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. §12181, et seq. ("Americans With Disabilities Act" or "ADA").  Defendant ULSTER HEIGHTS PROPERTIES, INC was served with the Summons and Amended Complaint on June 29, 2007.  See Exhibits A and B.  Having failed to file any responsive pleadings or other papers in this matter, a Clerk's Certificate of default was entered against the Defendant by the Clerk on February 4, 2008.  See Exhibit C.

For further grounds for entering Judgment After Default, the Plaintiffs submit the following Memorandum of Law. and the Affidavit of Lawrence A. Fuller, Esq., as Exhibit D.

If required, the Plaintiffs' expert would be available to appear at any evidentiary hearing required by the Court to provide further support for the relief requested herein.

### Memorandum of Law

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331 and 1343 for Plaintiffs' claims arising under 28 U.S.C. §12181, et seq., based on Defendant's violations of Title III of the Americans With Disabilities Act (see also, 28 U.S.C. §2201 and §2202).

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, such as the Defendant in this cause, a default shall be entered against that party. Thereafter, a default judgment shall be entered by the court against the defendant, based upon evidence provided by a supporting affidavit and/or a hearing if necessary.

On July 26, 1990, Congress enacted the Americans With Disabilities Act, and established January 26, 1992, as the date when all public accommodations had to comply therewith. 42 U.S.C. §12181; 28 CFR §36.508(a) (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). Under either scenario, the Defendant's deadline for compliance has long since passed.

The premises which are owned and/or leased by the Defendant, ULSTER HEIGHTS PROPERTIES, INC., and which is the subject of this action, includes a facility known as Prel Plaza, must be accessible by individuals with disabilities. Pursuant to 42 U.S.C. §12181(7); 28 CFR §36.104, the building which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.  28 CFR Part 36.  As set forth in the Affidavit filed herewith, Defendant, ULSTER HEIGHTS PROPERTIES, INC., is in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against the Plaintiffs.  The discrimination is based on the Defendant denying Plaintiffs full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. §12182 et seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv), where such removal is readily achievable.

Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs, litigation expenses and expert's fees and costs, incurred in this action.  Plaintiffs are entitled to recover those attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. §13305.

Pursuant to 42 U.S.C. 12188(a)(2), this Court is provided authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, Plaintiffs respectfully move this Court to enter Judgment After Default against the Defendant, ULSTER HEIGHTS PROPERTIES, INC., enjoining it from discriminating against individuals with disabilities, closing the subject facilities until completion of all alterations necessary to make the premises accessible by individuals with disabilities and

otherwise in compliance with the ADA, and awarding Plaintiffs their attorneys' fees, expenses and costs incurred in this action.

Plaintiffs further request that this Court grant Plaintiffs leave to submit their application for attorney fees, costs, litigation expenses and expert fees within 30 days of the entry of the Default Judgment.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties of record pursuant to the Court's CM/ECF system this 27th day of March, 2008.

        Respectfully submitted,

        Nelson M. Stern, Esquire (NS8646)
        NELSON M. STERN ATTORNEY AT LAW
        Counsel for Plaintiff Access 4 All, Inc.
        964 Third Ave., 5th Floor
        New York, NY 10155
        (212) 223-8330; (212) 371-2131 - Facsimile
        scooterlawyer@aol.com

        and

        Lawrence A. Fuller, Esquire (LF5450)
        Thomas B. Bacon, *pro hac vice*
        FULLER, FULLER & ASSOCIATES, P.A.
        Co-Counsel for Plaintiffs
        12000 Biscayne Blvd., Suite 609
        North Miami, FL 33181
        (305) 891-5199
        (305) 893-9505 - Facsimile
        lfuller@fullerfuller.com

        By:   /s/ Lawrence A. Fuller, Esquire
        Lawrence A. Fuller, Esquire

3849 Mt4FJafterDefault.wpd