UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ACCESS 4 ALL, INC., a Florida Not-For-Profit : Case No. 1:07-cv-2923
Corporation, and NELSON M. STERN, :
Individually, : Judge Leonard B. Sand
 : Magistrate Judge Frank Maas
    Plaintiffs, :
 :
v. :
 :
ULSTER HEIGHTS PROPERTIES, INC., a :
New York Corporation, :
 :
    Defendants. :
-------------------------------------------------------------:
                     x

**PLAINTIFF'S VERIFIED APPLICATION FOR ATTORNEYS' FEES,
COSTS AND EXPERT'S FEES AND
ACCOMPANYING MEMORANDUM OF LAW**

   COMES NOW the Plaintiffs, ACCESS 4 ALL, INC. and NELSON STERN, by and through their undersigned attorneys, pursuant to the Default Judgment entered by the Court on May 19, 2008 [DE 18-2] and pursuant to Federal Rule of Civil Procedure 54(d)(2), hereby submits a Verified Application for this Court's determination of the amount of attorney's fees, litigation expenses and costs, and as grounds therefor would show as follows:

   **I.  CONCISE STATEMENT OF FACTS AND ISSUES PRESENTED**

   1. On April 12, 2007, Plaintiff, a wheelchair-bound individual, and Access 4 All, Inc., an organization of disabled individuals, brought this action against Defendant, Ulster Heights Properties, Inc, ("Ulster Heights") on the basis that the Defendant owns, operates or leases its property as a public accommodation by 28 C.F.R. § 36.104 in violation of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq. ("the ADA"), because architectural barriers exist at

the property which prevent Plaintiffs and other disabled persons from equally using and enjoying the goods and services offered at the premises known as Prel Plaza (sometimes referred to herein as the Plaza, located at 60 Dutch Hill Road, Orangeburg, New York [DE 1].

2. Ulster Heights was served via New York's Secretary of State. Service was also attempted upon all known officers of Ulster Heights as well as the management office of Prel Plaza.

3. On February 4, 2008, the Clerk entered default against Ulster Heights for failure to file an answer or otherwise respond to this action.

4. On May 19, 2008, this Court entered Default Judgment against Ulster Heights and in favor of Plaintiffs and ordered Plaintiffs to submit their application for fees and costs. [DE 18-2.]

## II.    ENTITLEMENT TO ATTORNEYS FEES

Attorneys' fees, expert fees, litigation expenses and costs are recoverable under the ADA. 42 U.S.C. § 12205. To recover attorneys fees under 42 U.S.C. § 12205 a plaintiff must be a prevailing party. Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598 (2001). In order to be a "prevailing party" under Buckhannon, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. Roberson v. Giuliani, 346 F.3d 75 (2d Cir. 2004); American Disability Association, Inc. v. Chimielarz, 289 F.3d 1315 (11th Cir.2002); Habich v. City of Dearborn, 331 F.3d 524 (6th Cir. 2003); Barrios v. Cal. Interscholastic Fedn., 277 F.3d 1128 (9th Cir.2002) . In the instant action, Plaintiffs are the prevailing party pursuant to the Default Judgment.

### III. <u>CALCULATING ATTORNEYS FEES</u>

In a civil rights case, the amount of an award of attorneys fees is determined by using the "lodestar" method: the value of a lawyer's service is calculated by determining a reasonable hourly rate for the provision of legal services and multiplying that rate by hours reasonably expended. <u>See</u>, <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable, comparable skills, experience and reputation. <u>See</u>, <u>Marisol A. v. Giuliani</u>, 111 F.Supp.2d 381 (S.D.N.Y.2000). The relevant community to which the Court should look is the District in which the case was brought. <u>Patrolmen's Benevolent Assn of the City of New York, Inc. v. The City of New York</u>, 2003 WL 21782675 (S.D.N.Y. 2003); <u>AR v. New York City Department of Education</u>, 407 F.3d 65 (2d Cir 2005); <u>Access 4 All, Inc. v. Park Lane Hotel, Inc.</u>, 2005 WL 3338555 (S.D.N.Y. 2005).

Court holdings in the past ten years in the Southern District of New York provide evidence of the going rate in the community. Rates ranging from $350 to $430 per hour have been found by the Southern District Court of New York to be reasonable in similar types of litigation over the past 10 years, for attorneys with more than 25 years of legal experience. For example, in <u>Rodriguez v. McLoughlin</u>, 84 F.Supp.2d 417 (S.D.N.Y. 1999), the Court awarded the supervising attorney in a civil rights action $425 per hour. In <u>Gonzalez v. Bratton</u>, 147 F. Supp. 2d 180, 211-12 (S.D.N.Y. 2001), the court approved rates up to $390 an hour for senior attorneys in a civil rights case. In <u>Marisol A. ex rel Forbes v. Giuliani</u>, 111 F.Supp.2d 381 (S.D.N.Y.2000), the Court awarded civil rights attorneys up to $390 per hour. Additionally, in <u>Skold v. American Int'l Group, Inc.</u>, 1999 WL 405539 at 6-7 (S.D.N.Y. June 18, 1999), the

Court held that rates of $400 for an experienced civil rights litigator was reasonable. The foregoing cases are at least five years old and current rates would be higher due to inflation and the increased cost of operations. In a 2004 decision in Kuper v. Empire Blue Cross and Blue Shield, No. 99 Civ. 1190JSG-MHD (S.D.N.Y. Dec. 18, 2003), aff'd No. 99 CV-1190 (Jan. 20, 2004), the Court held that $425 an hour for an experienced civil rights attorney was reasonable. This Court also stated at page 10, that "hourly rates in excess of $400 are not limited to big firms." The Court referred to New York State NOW v. Pataki, 2003 WL 2006608, at 2 (S.D.N.Y. Apr 30, 2003), where the Court approved $430 an hour for a small civil rights litigator with 34 years of experience.

Factors to be considered when setting a fee include: (A) the amount involved and the results obtained; (B) the time and labor required; (C) the novelty and difficulty of the issues; (D) the skill required to perform the legal services properly; (E) the preclusion of other employment; (F) the customary fee; (G) whether the fee is fixed or contingent; (H) the time limitations imposed by the client or circumstances; (I) the experience, reputation and ability of the attorneys; (J) the undesirability of the case; (K) the nature and length of the professional relationship with the client; and (L) awards in similar cases. Hensley, supra, p. 429-430, Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974).

**A.     The Amount Involved and The Results Obtained**

The Supreme Court has held that the most critical factor in determining the reasonableness of a fee award is the degree of success obtained. Hensley, 461 U.S. at 436; Farrar v. Hobby, 506 US 103, 114 (1992). See also Pearson v. Fair, 980 F.2d 37 (1st Cir. 1992).

In this case, the Plaintiffs obtained complete relief in that Defendant is required to bring its entire premises into full ADA compliance.

Plaintiff submits that the benefit of the litigation to the public as a whole is a crucial factor under the Johnson analysis when determining fees. Pubic policy may support an award of attorneys' fees in civil rights cases when the Plaintiff has sued to vindicate a public right at a cost high in comparison to the actual damages suffered. Knight v. Auciello, 453 F.2d 852 (1st Cir. 1972). As such, in assessing attorneys' fee under the ADA, the Court must consider the benefits to the public as a whole attained as a result of the civil rights action. In Villano v. Boynton Beach, 254 F.3d 1302, 1306 (11th Cir. 2001) the Court held that "successful civil rights actions vindicate a public interest ...[and] [p]ublic benefit is a distinct measure of success in civil rights actions and ... a court must account for that distinct measure of success when calculating an award of fees and costs." As required under the law, Plaintiff respectfully requests that the Court give proper weight to the public interests that were vindicated for the Plaintiff and disabled persons as a result of this litigation. The extensive repairs that Defendant has agreed to make to its premises, which will assist not only the Plaintiff but also all disabled persons. See Hensley, 461 U.S. at 1940 (where a Plaintiff has obtained excellent results, his attorney should recover a fully compensable fee). As one court referenced in Village Nurse Association of North Shore, Inc v. Bullen, 1995 U.S. Dist. Lexis 21935 (D. Mass. 2006), "As the Senate noted upon the enactment of 42 U.S.C. § 1988, all of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these law contain" (citation and internal quotations omitted).

In the case at bar, Plaintiff obtained significant beneficial results which substantially increase the accessibility of Defendant's facility to wheelchair disabled individuals.[1]

**B.    The Time and Labor Required**

Considerable time and effort was required to obtain the resolution of this case. Plaintiffs filed this action requesting that Defendant timely remove barriers to access at its Plaza so that Plaintiff and other wheelchair bound disabled persons could avail themselves of the same goods and services enjoyed by the general public.   Several hearings have been held in this matter and the undersigned attorneys undertook extensive investigation in an attempt to locate or contact the Defendant.

Exhibit A-1 consists of the time sheets to date of time spent by Plaintiff's attorneys, Fuller, Fuller & Associates, P.A. and Composite Exhibit A-2, the time sheets of local counsel, Nelson Stern.  As set forth on those time sheets, attorney Lawrence A. Fuller of the law firm of Fuller, Fuller & Associates spent 4.9 hours; attorney Thomas B. Bacon of the law firm of Fuller, Fuller & Associates expended 43.5 hours; attorney Nelson Stern expended 6.5 hours; and FF&A paralegal expended 2.2 hours.  This time was reasonable and necessary to bring this matter to conclusion with the beneficial results obtained.  This time includes the time expended by Plaintiff's counsel in drafting this Fee Application.  Any and all time incurred by Plaintiff's counsel in filing, preparing and litigating this fee application and any fee hearings thereon is compensable.  See Martin v. University of South Alabama, 911 F.2d 604, 610 (11th Cir. 1990);

---

[1] This is a suit for injunctive relief and no monetary damages are sought.  Therefore, the "amount involved" is inapplicable as a factor in this action.

Guerrero v. Commings, 70 F.3d 1111 (9th Cir. 1995); Davis v. City and County Of San Francisco, 976 F.2d 1536, 1544 (9th Cir. 1992); Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist., 71 F.3d 1053 (2nd Cir. 1995); Barlow-Gresham Union High School District No. 2 v. Mitchell, 940 F.2d 80 (9th Cir. 1991); Lund v. Affleck, 587 F.2d 75 (1st Cir. 1978); Gagne v. Maher, 594 F.2d 336 (1979); Johnson v. State of Mississippi, 606 F.2d 635 (5th Cir. 1979); Bagby v. Beal, 606 F.2d 411 (3d Cir. 1979); Prandini v. National Tea Company, 585 F.2d 47 (3d Cir. 1978).

**C.   The Novelty And Difficulty Of The Questions Presented And The Skill Requisite To Perform The Legal Service Properly**

The firm of Fuller of Fuller, Fuller & Associates, P.A. regularly represents disabled plaintiffs in actions against places of public accommodations seeking the removal of ADA violations. It is estimated that there are very few other firms nationwide that litigate Title III ADA claims. Thus, the undersigned have developed forms and procedures aimed at reducing the number of hours incurred at the inception of the case. For example, a complaint that would normally require 20-50 hours to generate only requires 2-4 hours for this firm. Such efficiency, however, should not be construed as an indication that ADA cases do not present novel and difficult questions. To the contrary, representation of plaintiffs in ADA actions presents numerous issues regarding entitlement to injunctive relief, standing, barriers to access, undue burden, exemptions, new construction and alterations versus pre-ADA construction, extensive knowledge of the ADAAGs (relevant ADA accessibility guidelines), Technical Assistance Manual and a multitude of other guides issued by the Department of Justice, the extensive

volumes of case law issued by the courts nationwide, and finally whether remedial measures are "readily achievable."

Plaintiff submits that the novelty and difficulty of the issues presented in ADA actions, and the skill requisite to properly address such issues, justify a higher rate than many other areas of practice.

**D.     The Preclusion Of Other Employment Due To Acceptance Of The Case And The Undesirability Of The Case**

It has been recognized that plaintiffs and their attorneys in cases such as the one at issue herein are the subjects of "vitriolic hostility." Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996). They are often the subjects of negative publicity, have been called "professional pawns" by some detractors and a "cottage industry" by others. Some courts, on the other hand, have recognized such civil rights advocates as "private attorney generals." See e.g., Hensley, 461 U.S. at 445. It is seldom admitted that the primary, and perhaps singular, reason public places are beginning to comply with the 17-year old obligations of the ADA is because of these private attorney generals filing enforcement suits.

Yet, because of the negative publicity and attitude that many have toward Title III ADA actions, the undersigned are predictably precluded from other employment based on acceptance of the case. For instance, it is highly unlikely that undersigned counsel will attract business clientele. It has been recognized that civil rights plaintiffs' work is oftentimes undesirable, and that plaintiffs' attorneys are economically impacted by their decision to help the civil rights litigant. As explained in Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 719 (5th Cir. 1974):

> "Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant.... Oftentimes his decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court."

Additionally, in the instant case, the undersigned attorneys expended the time referenced above in the prosecution of this action. This time, spent on a contingency basis, could have been spent on other matters.

**E.    The Customary Fee And Fees Awarded In Similar Cases**

In determining the reasonableness of the fees and hourly rate, it is appropriate to consider rates awarded in other cases. Because the attorney compensation is based on contingency, and payment has not been made, courts award the current prevailing market rate. The current market rate is the rate at the time of the Fee Petition, not the rate at the time the services were performed. This takes into account the delay in payment. <u>Lanni v. State of New Jersey</u>, 259 F.3d 146, 149-50 (3d Cir. 2001). Additionally, in considering the rates awarded in prior cases, courts adjust rates upward to account for inflation. It is especially important in this case, which has been in litigation for more than 14 months, without the Plaintiff's counsel having received any payment to date.

As set forth above, the fee customarily charged and awarded by courts in civil rights cases in the Southern District of New York is $350 to $430 per hour. Plaintiff is seeking $425 per hour for attorneys Lawrence Fuller and Nelson Stern, $350 per hour for attorney Thomas Bacon, and $115 per hour for paralegal. The requested hourly rates, considering inflation and the increased cost of doing business, are consistent with the most recent Title III ADA cases in this District involving

attorneys Lawrence Fuller, Thomas Bacon, and Nelson Stern. Those cases are Access 4 All, Inc. v. Park Lane Hotel, Inc., 2005 WL 3338555, decided December 7, 2005, and Access 4 All, Inc. v. Hi-57 Hotel, LLC, U.S.D.C. S.D. NY No. 1:04-cv-06620-GBD (decided January 18, 2006). In the Park Lane Hotel case, the District Court for the Southern District of New York determined that $350 per hour was a reasonable hourly rate for attorney Lawrence Fuller, as of December 7, 2005. In Access 4 All, Inc. v. Hi-57 Hotel, Inc., the District Court for the Southern District of New York determined $350 per hour was a reasonable hourly rate for attorneys Lawrence Fuller and John Fuller as of January 18, 2006.

### F. Whether The Fee is Fixed or Contingent

The fee in the instant action is contingent. This case was filed in April 2007, approximately 13 months ago, and Plaintiff's counsel has yet to receive any compensation. In fact, Plaintiff's counsel has incurred significant expenses. Moreover, there is no certainty that Plaintiff's counsel will receive any compensation at all. Therefore, in setting a reasonable hourly rate, Plaintiff submits that this Court should award the higher range of rates to account for the length of time and uncertainty that counsel would be paid at all.

### G. The Time Limitations Imposed by the Client or Circumstances

Because the barriers to access complained of by Plaintiff restricted and/or limited Plaintiff's access to the subject Facility, time was of the essence. Every day that passed while the undersigned did not work on the case and make every effort to expedite its resolution, by pursuing litigation, was another day that the Facility would remain inaccessible.

### H. The Experience, Reputation and Ability of the Attorneys

Plaintiff's counsel have significant experience in civil rights cases, including ADA Title III litigation, both in New York and in several other states. (See resumes of attorneys Lawrence Fuller, Thomas Bacon, and Nelson Stern, attached as composite Exhibit B.)

Plaintiff's counsel have the experience, reputation and ability that the Johnson Court, supra, looks to when determining fees. Lawrence A. Fuller has over thirty-two (32) years experience as a trial attorney and over twenty-five (25) years experience in front of the federal bar. He is a member of the Florida, New York, Ohio and Washington, D.C. Bars. He has been a member of the United States Court of Appeals for the 11th Circuit since 1981, the 5th Circuit since 1978, the United States District Court for the Southern and Northern Districts of Florida since 1975 and the Middle District since 1985. He is a member of the United States District Court for the Eastern District of Michigan, 2003; the United States District Court for the Northern District of Ohio, 2003; the United States District Court for the Southern District of Ohio, 2006; the United States District Court for the District of Columbia, 2003; District of Columbia Court of Appeals, 2002; and U.S. District Court for the Southern District and Northern District of New York, 2004, and the U.S. District Court for the Western District of New York, 2007. Lawrence Fuller is on the Board of Directors of Advocacy Center for Persons With Disabilities, which serves as the protection and advocacy system for the disabled in the State of Florida. Lawrence Fuller is also a member of the Disability Access Committee for the City of Miami Beach.

Thomas Bacon has over eighteen (18) years of experience as a trial attorney. He is a member of the Florida Bar, 1998; the Pennsylvania Bar, 1989; the Georgia Bar, 2008; United States District Court for the Southern District of Florida; United States District Court for the Northern District of Illinois; United States District Court for the Western District of Texas; United States District Court

for the Western District of Pennsylvania; Eleventh Circuit Court of Appeals; and Sixth Circuit Court of Appeals.

Fuller, Fuller & Associates, P.A. is a Martindale-Hubbell AV-rated law firm and practices law in several states.

## I.   The Nature and Length of the Professional Relationship with the Client

The undersigned attorneys have represented Plaintiff in several other actions, and have a continuing relationship with the client. This has led to increased efficiency in the prosecution of this litigation.

## IV.   EXPERT FEES, COSTS AND LITIGATION EXPENSES

### A. Costs

A prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. These costs are defined by 28 U.S.C. § 1920, which provides for recovery of, inter alia, (1) fees of the Clerk and process server; (2) court reporter fees "for all or any part of the stenographic transcript obtained for use in the case"; (3) fees for printing and witnesses; (4) fees "for exemplification and copies of papers necessarily obtained for use in the case"; and (5) docket fees. Additionally, in civil rights actions, a prevailing party may recover expenses not normally available under § 1920. See Dowdell v. City of Apopka, 698 F. 2d 1181, 1189-92 (11th Cir 1983). Such additional expenses cover "with the exception of routine overhead, normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of the settlement of the case." Id at 1192. Dowdell reversed the lower court for its refusal to tax travel, telephone and postage expenses as costs.

In <u>Davis v. Mason County</u>, 927 F. 2d 1473, 1488 (9th Cir. 1991), the Ninth Circuit adopts the reasoning of <u>Dowdell</u>, supra, in discussing the recovery of travel expenses under 42 USC 1988,

> " Mason County fails to see that like the expert witness fees, the travel expenses were not granted as costs under section 1920, but rather as out-of-court expenses compensable under section 1988. Courts have generally held that expenses incurred during the course of litigation which are normally billed to fee-paying clients should be taxed under section 1988. <u>Dowdell</u>, supra at 1190, <u>Palmigano v. Garraby</u>, 707 F. 2d 636,637 (1st cir 1983); <u>Northcross v. Board of Education</u>, 611 F. 2d 624, 639 (6th Cir. 1979); cert. denied, 447 U.S. 911 (1980). As the Eleventh Circuit said in <u>Dowdell</u>:
>> " Reasonable attorney's fees' under the (Attorney's Fee Awards) Act must include reasonable expenses because attorney's fees and expenses are inseparably intertwined as equally vital components of the cost of litigation. The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out -of- pocket expenses which maybe essential to success as the intellectual skills of the attorneys. If these costs are not taxable, and the client, as is often the case, cannot afford to pay for them, they must be borne by counsel, reducing the fees award accordingly. Thus, following the reasoning adopted in upholding the award of expert witness fees, we also affirm the district courts award of travel expenses pursuant to section 1998."

Said expenses are fully itemized in the bills of Fuller, Fuller & Associates and Nelson Stern (attached as <u>Composite Exhibit A</u>),

The proposed $750.00 reinspection fee payable to the plaintiff, disability organization, is for the reinspection contemplated after the Defendant completes the repairs of the existing barriers to access, to confirm that the ADA violations have been corrected. Reinspection fees have been awarded in civil rights cases in order to monitor compliance with the court order. See, <u>Access For America, Inc. v. Oakwood Center, L.C.</u>, Case No. 8:02-civ-464-T-30MSS (M.D. Fla. 2003); <u>Access For America, Inc. v. Fram Fed Four, Inc.</u> Case No. 02-60605-civ-Lenard/Simonton, at p. 14 (S.D. Fla. 2002); <u>Access 4 All, Inc. v. Business Consultants</u>

International Corp. Case No. 02-21482-civ-Ungaro-Benages/Brown p. 10 (S.D. Fla. 2002); Access 4 All, Inc. v. Safari Investments, Inc. Case No. 01-4795-civ-Jordan/Bandstra, p. 11 (S.D. Fla. 2002). Various circuit courts have held that services required in the post-judgment monitoring to ensure continuing compliance with a consent decree in civil rights cases are compensable. See Keith v. Volpe , 833 F. 2d. 850, 855-56 (9th Cir. 1987), Johnson v. City of Tulsa, 489 F.3d 1089, 1106 (10th Cir. 2007), Northcross v. Board of Education, 611 F. 2d 624, 637 (6th Cir. 1980);Garrity v. Sununu, 752 F. 2d 727, 738-39 (1st Cir. 1984), Jenkins v. State of Missouri, 127 F. 3d 709, 716-720 (8th Cir. 1997). At least one Circuit has awarded compensation for such services prospectively. See Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp., 540 F.2d 102, 121 (3d Cir. 1976).

**B. Expert Fees**

The ADA expressly states that the prevailing party may receive "a reasonable attorneys fees, including litigation expenses and costs." 42 USC § 12205. The Ninth Circuit has addressed the issue of expert fees in the context of § 12205, and has held that the Court may award fees pursuant to this section. See Lovell v. Chandler, 303 F. 3d 1039, 1058 (9th Cir. 2002) ("because the term 'litigation expenses' normally encompasses expert witness fees, we hold that the statutory provision provides direct authority for the award of expert witness fees.").

Other District Courts throughout the country have also awarded expert fees under this section. See Robins v. Scholastic Book Fairs, 928 F.Supp 1027, 1036 (D. Or. 1996) (finding that litigation expenses include the costs of expert witnesses); Association for Disabled Americans, Inc., et. al. v. North Beach Hotel, Inc., supra, awarding expert fees of $3755.50 at $185 per hour; Disabled Patriots of America, Inc. v. SCIT, Inc.,Case No. 06-2888 (N.D. Oh.

2007), awarding $6,350 in expert fees at hourly rate of $175 for initial inspection and $200 per hour for the final inspection.

In the case at bar, Plaintiffs seek reimbursement for the expert expenses for the services of Carol Durban. A copy of the resume of Ms. Durban is attached hereto as Exhibit C.

Ms. Durban performed the initial field inspection to confirm the validity of the Complaint, and issued an initial report of the violations.

Attached hereto as Exhibit D, is a copy of the initial report, as well as a copy of the invoice for services rendered by Plaintiffs' experts (Exhibit E).

As hereinbefore explained, and as itemized in the invoice submitted as Exhibit A, the Plaintiff's attorneys' fees, costs and litigation expenses including expert fees are as follows:

(a) To date, the Plaintiff has incurred $20,663.00. for attorneys' fees based on an hourly rate of $425 per hour for legal services by attorneys Lawrence Fuller, and Nelson Stern, and $350 per hour for Thomas Bacon, and $115 per hour for the paralegals at the Fuller, Fuller & Associates law firm. Attached as Composite Exhibit A is the detailed itemization showing the number of hours reasonably expended, the basis for those hours, and the hourly rates charged. Plaintiff's counsel certifies that he has fully reviewed the time records and supporting data and that the motion is well grounded in fact and is justified.

(b) Attached as Exhibit E, are detailed itemizations of the services performed by expert Carol Durban. The total invoices for services rendered by this expert are $2,275.00.

(c) Total filing fees, including pro hac vice fee, are $375.00.

(d) Postage and courier fees total $190.93.

(e) Photocopies total $172.80.

  (f)  Process server fees are $430.75.

  (g)  Telephone and facsimile costs total $232.01.

  (h)  title search fees are $200.00.

Plaintiff has incurred costs in the amount of $1,601.49, as listed as part of the bills of Fuller, Fuller and Associates, and The Law Office of Nelson Stern, attached as <u>Composite Exhibit A</u>. Plaintiffs are also entitled to a reinspection fee of $750.00.

## V. CONCLUSION

WHEREFORE, it is respectfully respected that the Court award the Plaintiff its attorneys' fees, costs and expert fees, in the sum of $24,539.49.

        Respectfully submitted,

        *Counsel for Plaintiff*
        Nelson M. Stern, Esquire (NS8646)
        NELSON M. STERN ATTORNEY AT LAW
        Counsel for Plaintiff Access 4 All, Inc.
        964 Third Ave., 5th Floor
        New York, NY 10155
        (212) 223-8330; (212) 371-2131 - Facsimile
        scooterlawyer@aol.com

        and

        Lawrence A. Fuller, Esq. (LAF 5450)
        FULLER, FULLER & ASSOCIATES, P.A.
        12000 Biscayne Blvd., Suite 609
        North Miami, FL 33181
        Tel. (305) 891-5199; Fax (305) 893-9505

        By: __/s/ Lawrence A. Fuller
            Lawrence A. Fuller, Esquire (LAF 5450)

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically this 11th day of June, 2008, to:

All parties of record.

                                    By:   /s/ Lawrence A. Fuller
                                               Lawrence A. Fuller, Esquire  (LAF 5450)