UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ACCESS 4 ALL, INC., a Florida Not-For-Profit
Corporation, and NELSON M. STERN,
Individually,

                              Plaintiffs,

       -against-

ULSTER HEIGHTS PROPERTIES, INC.,
a New York Corporation,

                              Defendant.
------------------------------------------------------------------X

Case No.: 1:07-cv-2923
(LBS) (FM)

**VERIFIED ANSWER**

Judge Leonard B. Sand
Magistrate Judge Frank Maas

       Defendant, Ulster Heights Properties, Inc. ("Ulster Heights"), by its attorneys, Rogers, McCarron & Habas, P.C., as and for its answer to the complaint in this action by defendants, Access 4 All, Inc. ("Access 4 All") and Nelson M. Stern ("Stern"), responds and alleges as follows:

       1.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

       2.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

       3.      Denies the allegations contained in paragraph "3" of the complaint, except that it admits that Ulster Heights owns Prel Plaza.

       4.      Denies the allegations contained in paragraph "4" of the complaint.

       5.      Denies the allegations contained in paragraph "5" of the complaint.

       6.      Denies the allegations contained in paragraph "6" of the complaint.

       7.      Denies the allegations contained in paragraph "7" of the complaint.

       8.      Denies the allegations contained in paragraph "8" of the complaint.

9. Denies the allegations contained in paragraph "9" of the complaint.

10. Denies the allegations contained in paragraph "10" of the complaint.

11. Denies the allegations contained in paragraph "11" of the complaint.

12. Denies the allegations contained in paragraph "12" of the complaint.

13. Denies the allegations contained in paragraph "13" of the complaint.

14. Denies the allegations contained in paragraph "14" of the complaint.

15. Denies the allegations contained in paragraph "15" of the complaint.

16. Denies the allegations contained in paragraph "16" of the complaint.

17. Denies the allegations contained in paragraph "17" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. The individual plaintiff, Nelson M. Stern, lacks standing to commence or maintain this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. The associational plaintiff, Access 4 All, lacks standing to commence or maintain this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. Both the individual plaintiff, Nelson M. Stern, and the associational plaintiff, Access 4 All lack standing to commence or maintain this action insofar as plaintiffs seek injunctive relief.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. The Court lacks subject matter jurisdiction over this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22. Plaintiffs fail to state a cause of action upon which relief can be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.     Some or all of the alleged violations are not readily achievable, not required or would create an undue hardship on defendant. The original structure and area of the premises, which preempts the January 26, 1992 effective date of the ADA has never been modified or altered since its construction in 1968.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24.     Some or all of the alleged violations are the responsibility of third parties.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25.     Defendant has fully complied with all local requirements concerning handicapped parking and ramps.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26.     The premises were designed in accordance with New York State and National BOCA building codes in effect at the time the building was constructed. The premises have always been in compliance with applicable building codes and regulations since its construction.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27.     Plaintiff, Access 4 All lacks the authority to bring this action.

WHEREFORE, defendant, Ulster Heights Properties, Inc., demands judgment as follows:

(i)     Dismissing the complaint in its entirety; and

(ii)    The costs and disbursements of this action, including reasonable attorneys' fees and such other and further relief as to this Court may seem just and proper.

Dated: Orangeburg, New York
       August 1, 2008

                                                              Patricia E. Habas, Esq. (PEM 8353)
                                                              ROGERS, McCARRON & HABAS, P.C.
                                                              Attorneys for Defendant
                                                              Ulster Heights Properties, Inc.
                                                             Prel Plaza, Suite 7
                                                             60 Dutch Hill Road
                                                             Orangeburg, NY 10962
                                                             (845) 359-5400

VERIFICATION

STATE OF NEW YORK    )
                     )ss:
COUNTY OF ROCKLAND   )

     Israel Turnheim, being duly sworn, deposes and says: that I am the Building Manager of the Defendant, Ulster Heights Properties, Inc. herein, that deponent has read the foregoing endorsed complaint and knows the contents thereof, and the same is true to deponents own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is the authorized agent and building manager of Ulster Heights Properties, Inc. which is a corporation and deponent is familiar with the facts and circumstances herein.

     The sources of deponent's information and grounds of deponent's belief as to all matters not stated upon deponent's knowledge are: The books and records of Ulster Heights Properties, Inc.

_____
Israel Turnheim

Sworn to before me this
31st day of July, 2008

_____
Notary Public