

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ACCESS 4 ALL., INC., a Florida Not-For-Profit          Docket No.: 1:07-cv-2923
Corporation, and NELSON M. STERN,                      (LBS) (FM)
Individually,

                                    Plaintiffs,

                                                       Judge Leonard B. Sand
            -against-                                  Magistrate Judge Frank Maas

ULSTER HEIGHTS PROPERTIES, INC.,
a New York Corporation,

                                    Defendant.
-----------------------------------------------------------------X

### MOTION TO STAY PROCEEDINGS PENDING REMEDIATION

PLEASE TAKE NOTICE that on August 14 at 2:15 P.M., Defendant Ulster Heights

Properties, Inc. ("Ulster Heights") by and through its counsel, will move before the Honorable

Leonard B. Sand, United States District Court Judge, in the United States District Court for the

Southern District of New York, located at 500 Pearl Street, Room 1650, Courtroom 15A, New

York, New York 10007, or as soon thereafter as counsel can be heard, for an Order staying the

instant action for a period of ninety (90) days to allow the defendant to perform remediation

work at the premises without the imposition of unnecessary legal fees.

PLEASE TAKE FURTHER NOTICE that any opposition to this motion must be served

upon Ulster Heights no later than 12:00 P.M., Monday, August 11, 2008.

Defendant, Ulster Heights Properties, Inc. ("Ulster Heights") by and through its

undersigned counsel, files this Motion to Stay Proceedings Pending Remediation, and asks this

Court to enter an Order staying these proceedings for a period of ninety (90) days.

## Procedural History

1.      Plaintiffs filed this lawsuit on or about April 12, 2007.  In their Complaint, the Plaintiffs allege that Ulster Heights discriminated against them "by denying them access to" Prel Plaza, in violation of the Americans with Disabilities Act (the "ADA").  Plaintiffs have asked the Court to enter an Order directing Ulster Heights to make Prel Plaza accessible and useable to individuals with disabilities, in compliance with the ADA.  Plaintiffs have also asked the Court to award reasonable attorneys' fees, costs, and other litigation expenses.  A copy of the Amended Complaint is annexed hereto as Exhibit "1".

**The Litigious History of Plaintiffs**

2.      Through a search of the records on the Pacer system, Ulster Heights discovered that Plaintiffs have filed hundreds of lawsuits throughout the country, moving from region to region, alleging violations of the ADA.

3.      To date, Plaintiff Access 4 All, Inc. ("Access 4 All") has filed in excess of 500 cases nationwide including 73 in New York , all since March of 2004. Copies of the Pacer searches concerning Access 4 All are annexed hereto as Exhibit "2".

4.      Since the beginning of 2003, Nelson Stern has filed approximately 79 lawsuits in New York, New Jersey, Connecticut and California.  Presumably, the law firm of Fuller, Fuller & Associates represented Mr. Stern in each of those actions.  Copies of the Pacer searches concerning Nelson M. Stern are annexed hereto as Exhibit "3".

5.      This action was commenced by Plaintiffs without any prior notification to Ulster Heights of any alleged ADA violations or their intent to proceed directly to litigation. Accordingly, Ulster Heights was never given the opportunity to identify or, if necessary,

eliminate any barriers that may exist at Prel Plaza without the impending threat of an award for attorneys' fees and costs.

6.    The predatory practices by Plaintiff's attorneys, specifically Lawrence A. Fuller, have been the subject of admonishment in at least three jurisdictions (Ohio, District Court for the Southern District of Florida and the District Court of the District of Columbia). Indeed, the Southern District of Florida sanctioned Mr. Fuller the sum of $43,323.90, after his purported quadriplegic plaintiff walked into a deposition. Copies of those decisions and orders are annexed hereto as Exhibit "4".

**A Stay May Moot the Case, Saving Judicial Resources**

7.    In their Complaint, the Plaintiffs only identified a few specific conditions that allegedly do not comply with the ADA Accessibility Guidelines.

8.    Defendant's Answer, which was filed on August 1, 2008 (30 days after its discovery of the action), includes several defenses concerning standing, lack of authority by Plaintiff to bring this action, and lack of subject matter jurisdiction of this Court. A copy of the Verified Answer is annexed hereto as Exhibit "5". Defendant expressly reserves and does not waive those defenses. This motion is appropriate as it does not take any affirmative action, but rather allows time to rectify any purported violations and perhaps obviate any need for this action.

9.    Shortly after Ulster Heights was served with the Complaint, Ulster Heights sought out and retained a professional engineer to perform a survey of Prel Plaza to identify which, if any, of the alleged conditions violate the ADA Accessibility Guidelines, to the extent that such barriers exist.

10.    Ulster Heights intends to remove any barriers identified by its engineer. Ulster Heights believes that any barriers that may be identified can be remedied quickly without the Plaintiffs' attorneys generating unnecessary attorneys' fees and costs.

11.    If this Court stays the proceedings, Ulster Heights can complete the remediation and conserve judicial resources and attorneys' fees and costs expended in this matter.

12.    A motion to stay was granted on three separate cases in the U.S. District Court for the Middle District of Florida similar to the instant action, where this type of serial plaintiff commenced actions for purported ADA violations. Copies of those orders are annexed hereto as Exhibit "6".

13.    In order to prevent this case from simply becoming an income generating device for the Plaintiffs' attorneys, Ulster Heights asks this Court to enter an order staying the proceedings for ninety (90) days. During that ninety-day period, Ulster Heights will remove any and all barriers identified in the engineer's report to be produced within 30 days. During the ninety-day stay, Ulster Heights intends to: (1) prepare a relevant prioritized list of barriers at Prel Plaza; (2) initiate and complete the modifications to Prel Plaza to eliminate readily achievable barriers; (3) provide the Court with a list of the barriers that will be removed and the time period in which the project will be completed.

WHEREFORE, the Defendant, Ulster Heights Properties, Inc. asks this Court to enter an Order staying the proceedings for ninety (90) days, or some other reasonable time, and any other relief this Court deems proper.

Dated: Orangeburg, New York
       August 4, 2008

                                     Patricia E. Habas, Esq. (PEM 8353)
                                     ROGERS, McCARRON & HABAS, P.C.
                                     Attorneys for Defendant
                                     Ulster Heights Properties, Inc.
                                     Prel Plaza, Suite 7
                                     60 Dutch Hill Road
                                     Orangeburg, NY 10962
                                     (845) 359-5400

To:    Nelson M. Stern, Esq. (NS8646)
        NELSON M. STERN ATTORNEY AT LAW
        Counsel for Plaintiff Access 4 All, Inc.
        964 Third Avenue, 5th Floor
        New York, NY 10155
        (212) 223-8330
        (212) 371-2131 – Facsimile
        scooterlawyer@aol.com

        Lawrence A. Fuller, Esquire
        FULLER, FULLER & ASSOCIATES, P.A.
        Co-Counsel for Plaintiffs
        12000 Biscayne Blvd., Suite 609
        North Miami, FL 33181
        (305) 891-5199
        (305) 893-9505 – Facsimile
        lfuller@fullerfuller.com

**Exhibit "1"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACCESS 4 ALL, INC., a Florida Not-For-Profit  :
Corporation, and NELSON M. STERN,            :
Individually,                                :
                                             :
            Plaintiffs,                       :   Case No. 1:07-cv-2923
                                             :
v.                                           :   Judge Leonard B. Sand
                                             :   Magistrate Judge Frank Maas
ABA HEIMAN and JERRY HEIMAN,                 :
individuals, and ULSTER HEIGHTS              :
PROPERTIES, INC., a New York Corporation,    :
                                             :
            Defendants.                       :
_____/

## AMENDED COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, ACCESS 4 ALL, INC., a Florida Not-For-Profit Corporation, and NELSON M.

STERN, Individually, on their behalf and on behalf of all other individuals similarly situated,

(sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendants, ABA HEIMAN and

JERRY HEIMAN, individuals, and ULSTER HEIGHTS PROPERTIES, INC., a New York

Corporation (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees,

litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181

et seq. ("ADA").

1.    Plaintiff, Nelson M. Stern, is an individual residing in New York, NY, in the County of New

      York.

2.    Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the

      State of Florida. ACCESS 4 ALL, INC. maintains its principal office at 3200 N. Palm Aire

      Dr., #505, Pompano Beach, FL 33069, in the County of Broward.

3.    Defendants's property, Prel Plaza, is located at 60 Dutch Hill Road, Orangeburg, NY, in Rockland County.

4.    Venue is properly located in the Southern District of New York because venue lies in the judicial district of the property situs. The Defendants's property is located in and does business within this judicial district.

5.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.    Plaintiff Nelson M. Stern is a New York resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Nelson M. Stern has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC., discussed below in paragraph 7.

7.    Plaintiff ACCESS 4 ALL, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC.

2

and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants's discrimination until the Defendants is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC. has also been discriminated against because of its association with its disabled members and their claims.

8.    Defendants owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants owns, operates, leases or leases to is known as Prel Plaza, and is located at 60 Dutch Hill Road, Orangeburg, NY.

9.    ACCESS 4 ALL, INC. and Nelson M. Stern have a realistic, credible, existing and continuing threat of discrimination from the Defendants's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants. Nelson M. Stern desires to visit Prel Plaza not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.    The Defendants has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the

3

buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.     The Defendants has discriminated, and is continuing to discriminate, against the Plaintiff in

violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992

(or January 26, 1993, if Defendants has 10 or fewer employees and gross receipts of

$500,000 or less). A preliminary inspection of Prel Plaza has shown that violations exist.

These violations include, but are not limited to:

    a.     An accessible route within the boundary of the site is not provide from accessible parking, and public streets or sidewalks to the accessible entrance they serve. This is in violation of sections 4.3.2 and 4.6.3 of the ADAAG.

    b.     The accessible route has a change in level. This is in violation of 4.3.8 of the ADAAG.

    c.     A curb ramp is not provided wherever an accessible route crosses a curb. This is in violation of section 4.7.1 of the ADAAG.

    d.     The site does not provide the appropriate number of accessible parking spaces. This is in violation of section 4.6.1 of the ADAAG.

    e.     The stairway does not provide appropriate handrails. This is in violation of section 4.9.4 of the ADAAG.

    f.     For one or more stores including, but not limited to Yogi S Café, an accessible route to the toilet room in not provided. This is in violation of section 4.3.3 of the ADAAG.

    g.     For one or more stores including, but not limited to Yogi S Cafe, an accessible toilet room is not provided. This is in violation of section 4.22.1 of the ADAAG.

    h.     For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the toilet room does not provide appropriate grab bars at the water closets. This is in violation of section 4.22.4 of the ADAAG.

    i.     For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the pipes underneath the lavatory inside the toilet rooms are exposed. This is in violation of section 4.22.6 of the ADAAG.

    j.     For one or more stores including, but not limited to Bamboo Garden, the toilet paper, inside the toilet room, is out of reach to a person using a wheelchair. This is in violation of section 4.16.6 of the ADAAG.

    k.     For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the

mirror inside the toilet room is too high. This is in violation of section 4.22.6 of the ADAAG.

l.  For one or more stores including, but not limited to Yogi S Cafe, the lavatory inside the toilet room has faucets that require tight grasping and twisting of the wrist to operate. This is in violation of section 4.22.6 of the ADAAG.

m.  For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the receptacles are out of reach to a person using a wheelchair. This is in violation of section 4.27.3 of the ADAAG.

n.  For one or more stores including, but not limited to Bamboo Garden and Yogi S Cafe, the toilet room door hardware requires tight grasping and twisting of the wrist to operate. This is in violation of section 4.22.4 of the ADAAG.

12.  The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendants's ADA violations. Plaintiffs require the inspection of the Defendants's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.  Defendants has discriminated against the individual and corporate Plaintiffs by denying them

5

access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendants is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants's place of public accommodation since January 26, 1992, then the Defendants is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants's facility must be readily accessible to and

6

useable by individuals with disabilities as defined by the ADA.

16.    Notice to Defendants is not required as a result of the Defendants's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

17.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter Prel Plaza to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.    The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.    Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise

7

treated differently than other individuals because of the absence of auxiliary aids and

services.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Nelson M. Stern, Esquire (NS8646)
NELSON M. STERN ATTORNEY AT LAW
Counsel for Plaintiff Access 4 All, Inc.
964 Third Ave., 5th Floor
New York, NY 10155
(212) 223-8330; (212) 371-2131 - Facsimile
scooterlawyer@aol.com

and

Lawrence A. Fuller, Esquire (LF5450)
FULLER, FULLER & ASSOCIATES, P.A.
Co-Counsel for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

By:  /s/Lawrence A. Fuller
     Lawrence A. Fuller, Esquire

Date:     May 11, 2007

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail

and U.S. Mail on this 11th day of May, 2007 to:

Aba Heiman
Jerry Heiman
c/o Aba Heiman, Esq.
1253 Tyler Avenue
East Meadow, NY 11554
aheimann@fbrlaw.com


By:   /s/Lawrence A. Fuller

9

**Exhibit "2"**

# Select A Case

**This person is a party in 2 cases.**

| | | |
|---|---|---|
| 1:06-cv-14369-VM | Access 4 All Inc. et al v. New Latham Hotel Corp. | filed 12/13/06   closed 06/15/07 |
| 1:07-cv-08302-DC | Access 4 All Inc. et al v. Iroquois Hotel, L.L.C. | filed 09/24/07   closed 05/30/08 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/31/2008 10:34:25 | | | |
| PACER Login: | ▓▓▓▓ | Client Code: | |
| Description: | Search | Search Criteria: | Last Name: access 4 all |
| Billable Pages: | 1 | Cost: | 0.08 |

# Select A Case

**This person is a party in 3 cases.**

| | | | |
|---|---|---|---|
| 1:04-cv-03657-KMK | Access 4 All, Inc, et al v. Manhattan Hospitallity Associates | filed 05/13/04 | closed 10/14/04 |
| 1:04-cv-07180-VM | Access 4 All, Inc, et al v. Shefield Hotel Associates, L.P. | filed 09/09/04 | closed 11/17/04 |
| 1:06-cv-14372-KNF | Access 4 All, Inc, et al v. Blue Hill Plaza Inn, Inc. | filed 12/13/06 | closed 05/25/07 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/31/2008 10:34:43 | | | |
| **PACER Login:** | ●●●●● | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: access 4 all |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

# Select A Case

**This person is a party in 55 cases.**

| 1:03-cv-05027-RLC | Access 4 All, Inc., et al v. Wellington Hotel Co. | filed 07/07/03 | closed 03/31/06 |
| 1:03-cv-06263-CBM | Access 4 All, Inc., et al v. Times Square Hotel | filed 08/20/03 | closed 03/11/04 |
| 1:03-cv-06264-RLC | Access 4 All, Inc., et al v. Hilton Hotels Corp. | filed 08/20/03 | closed 03/02/04 |
| 1:04-cv-01160-PKC-FM | Access 4 All, Inc. et al v. GCP Realty, L.L.C. et al | filed 02/13/04 | closed 01/11/05 |
| 1:04-cv-01535-PKC-FM | Access 4 All, Inc. et al v. Laguardia Associates, L.P. | filed 02/23/04 | closed 08/03/04 |
| 1:04-cv-01536-PKC-FM | Access 4 All, Inc. et al v. Yassky Wyndham Partnership | filed 02/23/04 | closed 09/13/04 |
| 1:04-cv-01537-PKC-FM | Access 4 All, Inc. v. 111 East 56th Street, Inc. | filed 02/23/04 | closed 09/03/04 |
| 1:04-cv-01538-PKC-FM | Access 4 All, Inc. et al v. GCP Realty, L.L.C. et al | filed 02/23/04 | closed 08/04/04 |
| 1:04-cv-03258-FM | Access 4 All, Inc. et al v. Milford Plaza Associates | filed 04/29/04 | closed 09/27/04 |
| 1:04-cv-03659-RJH | Access 4 All, Inc. v. National Railroad Passenger Corp | filed 05/13/04 | closed 01/07/05 |
| 1:04-cv-03681-BSJ-GWG | Access 4 All, Inc. et al v. G.W.K. Management Corp, et al | filed 05/14/04 | closed 11/24/04 |

| 1:04-cv-03682-NRB | Access 4 All, Inc. et al v. Edison Management Co., LLC | filed 05/14/04 | closed 09/21/04 |
| 1:04-cv-03683-KMW-DCF | Access 4 All, Inc. et al v. Thirty East 30th Street, LLC | filed 05/14/04 | closed 01/06/05 |
| 1:04-cv-03684-TPG | Access 4 All, Inc. et al v. Becker-Paramount Fee, LLC | filed 05/14/04 | closed 03/07/05 |
| 1:04-cv-06620-GBD-FM | Access 4 All, Inc. et al v. Jaseme Associates, LLC | filed 08/16/04 | closed 03/01/05 |
| 1:04-cv-07174-SAS-JCF | Access 4 All, Inc. et al v. Park Lane Hotel, Inc. | filed 09/09/04 | closed 06/22/05 |
| 1:04-cv-07175-KMK | Access 4 All, Inc. et al v. 222 East 39th Street Co. | filed 09/09/04 | closed 02/09/05 |
| 1:04-cv-07176-LAP | Access 4 All, Inc. et al v. Carnegie Real Estate, LLC | filed 09/09/04 | closed 02/23/06 |
| 1:04-cv-07177-LAK | Access 4 All, Inc. et al v. 401 Hotel Reit, LLC | filed 09/09/04 | closed 12/17/04 |
| 1:04-cv-07178-PKC-GWG | Access 4 All, Inc. et al v. Milburn Hotel, LLC | filed 09/09/04 | closed 05/20/05 |
| 1:04-cv-07179-GEL | Access 4 All, Inc. et al v. Bryant Associates et al | filed 09/09/04 | closed 05/30/06 |
| 1:04-cv-07455-BSJ-JCF | Access 4 All, Inc. et al v. Herald Hotel Associates, L.P. | filed 09/21/04 | closed 07/18/05 |
| 1:04-cv-07496-HB | Access 4 All, Inc. et al v. DP & DP Associates | filed 09/22/04 | closed 04/29/05 |
| 1:04-cv-07497-RJS-HBP | Access 4 All, Inc. et al v. Trump International Hotel & Tower et al | filed 09/22/04 | closed 12/07/07 |

| 1:04-cv-07498-LAK-KNF | Access 4 All, Inc. et al v. 70-02178 Broadway, LLC | filed 09/22/04 | closed 04/26/05 |
| 1:04-cv-07499-LBS | Access 4 All, Inc. et al v. Starhotels International Corporation | filed 09/22/04 | closed 01/05/05 |
| 1:04-cv-07674-SHS | Access 4 All, Inc. et al v. Ali Baba Hotel Corp. | filed 09/28/04 | closed 08/03/05 |
| 1:04-cv-07806-RJH | Access 4 All, Inc. et al v. Cornwall Hotel Associates, LLC | filed 10/01/04 | closed 01/26/06 |
| 1:04-cv-08823-NRB | Access 4 All, Inc. et al v. Bre/Swiss, LLC | filed 11/08/04 | closed 04/29/05 |
| 1:05-cv-00017-LAP | Access 4 All, Inc. v. New York Hotel Management Company, Inc., | filed 01/04/05 | closed 08/04/05 |
| 1:05-cv-03783-PKC | Access 4 All, Inc. et al v. CTF Westchester Hotel, LLC | filed 04/13/05 | closed 11/03/05 |
| 1:05-cv-04024-GBD | Access 4 All, Inc. et al v. Lophijo Realty Corp | filed 04/21/05 | closed 01/05/06 |
| 1:05-cv-04025-GEL-FM | Access 4 All, Inc. et al v. Golden Gate Motor Inn, Inc. | filed 04/21/05 | closed 03/29/06 |
| 1:05-cv-09553-KMK | Access 4 All, Inc. et al v. Dilstan Realty Corporation | filed 11/14/05 | closed 02/16/06 |
| 1:05-cv-09703-GWG | Access 4 All, Inc. et al v. Brooks Shopping Centers LLC | filed 11/17/05 | closed 06/21/06 |
| 1:05-cv-09815-SHS | Access 4 All, Inc. et al v. The Sherry-Netherland, Inc | filed 11/21/05 | closed 03/21/06 |
| 1:06-cv-00415-RJH | Access 4 All, Inc. et al v. Plaza East Hotel, L.L.C. | filed 01/20/06 | closed 07/12/06 |

| 1:06-cv-01634-DCF | Access 4 All, Inc. et al v. Stanford New York LLC | filed 03/02/06 | closed 08/16/06 |
| 1:06-cv-02790-JGK | Access 4 All, Inc. et al v. Calvary Baptist Church et al | filed 04/11/06 | closed 08/08/06 |
| 1:06-cv-03034-PKC-AJP | Access 4 All, Inc. et al v. Philips Bryant Park, LLC | filed 04/20/06 | closed 09/25/06 |
| 1:06-cv-04020-LTS | Access 4 All, Inc. et al v. WW JFK, Inc. | filed 05/26/06 | closed 06/09/06 |
| 1:06-cv-04426-PAC | Access 4 All, Inc. et al v. Wolcott Hotel, Co. | filed 06/13/06 | closed 10/30/06 |
| 1:06-cv-04677-SAS | Access 4 All, Inc. et al v. Affinia Management Company, L.L.C. | filed 06/19/06 | closed 12/22/06 |
| 1:06-cv-04680-KMK | Access 4 All, Inc. et al v. Historic Inns of New York City, LLC | filed 06/19/06 | closed 01/24/07 |
| 1:06-cv-05745-HB | Access 4 All, Inc. et al v. HMC Capital Resources LLC | filed 07/31/06 | closed 12/27/06 |
| 1:06-cv-05746-GBD | Access 4 All, Inc. et al v. Rosbrock LLC. | filed 07/31/06 | closed 02/05/07 |
| 1:06-cv-05747-VM-HBP | Access 4 All, Inc. et al v. Alphonse Hotel Corporation | filed 07/31/06 | closed 09/12/07 |
| 1:06-cv-08289-MGC | Access 4 All, Inc. et al v. Motel in the Sky, Inc. | filed 10/11/06 | closed 04/16/07 |
| 1:06-cv-13735-GBD | Access 4 All, Inc. et al v. Bruckner Plaza Associates L.P. | filed 12/05/06 | closed 06/14/07 |
| 1:06-cv-13736- | Nelson M. Stern v. G&T Consulting | filed 12/05/06 | closed 06/26/08 |

| DCF | Company LLC. | | |
| 1:06-cv-14371-LAK | Access 4 All, Inc. et al v. Johnson Kirchner Holdings LLC | filed 12/12/06 | closed 04/23/07 |
| 1:07-cv-00253-RMB-RLE | Access 4 All, Inc. et al v. The Downtown L.L.C. | filed 01/11/07 | closed 10/01/07 |
| 1:07-cv-01112-LTS | Access 4 All, Inc. et al v. JLJ Management, Co. | filed 02/13/07 | closed 11/01/07 |
| 1:07-cv-02923-LBS-FM | Access 4 All, Inc. v. Stern et al | filed 04/12/07 | |
| 7:05-cv-09814-SCR | Access 4 All, Inc. et al v. Euro-American Lodging Corporation | filed 11/21/05 | closed 10/31/06 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/31/2008 10:34:55 | | | |
| **PACER Login:** | ▮▮▮▮ | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: access 4 all |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

**Exhibit "3"**



## All Types Name Search Results

**79 Total Party matches for selection STERN, NELSON M. for ALL COURTS**
Search Complete
**Thu Jul 31 09:23:58 2008**
**Selections 1 through 54 (Page 1)**

●Download (2 pages $ 0.08)

 Next 25

### Civil Cases

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 1 | STERN, NELSON M. | ctdce | 3:2005cv00850 | 06/13/2006 | 443 | 06/26/2006 |
| 2 | STERN, NELSON M. | ctdce | 3:2005cv00850 | 06/13/2006 | 443 | 06/26/2006 |
| 3 | STERN, NELSON M. | ctdce | 3:2004cv00898 | 06/01/2004 | 443 | 08/31/2004 |
| 4 | STERN, NELSON M. | ctdce | 3:2004cv00898 | 06/01/2004 | 443 | 08/31/2004 |
| 5 | STERN, NELSON M. | nysdce | 1:1998cv01036 | 02/13/1998 | 365 | 09/16/1998 |
| 6 | STERN, NELSON M. | nysdce | 1:2007cv01112 | 02/13/2007 | 446 | 11/01/2007 |
| 7 | STERN, NELSON M. | ctdce | 3:2004cv01176 | 07/16/2004 | 443 | 02/04/2005 |
| 8 | STERN, NELSON M. | ctdce | 3:2004cv01176 | 07/16/2004 | 443 | 02/04/2005 |
| 9 | STERN, NELSON M. | ctdce | 3:2006cv01348 | 08/30/2006 | 443 | 12/14/2006 |
| 10 | STERN, NELSON M. | ctdce | 3:2006cv01348 | 08/30/2006 | 443 | 12/14/2006 |
| 11 | STERN, NELSON M. | nyedce | 1:2004cv01369 | 04/02/2004 | 890 | 10/06/2004 |
| 12 | STERN, NELSON M. | nyedce | 2:2008cv01376 | 04/04/2008 | 446 | |
| 13 | STERN, NELSON M. | nysdce | 1:2004cv01559 | 02/24/2004 | 443 | 08/17/2004 |
| 14 | STERN, NELSON M. | ctdce | 3:2005cv01567 | 10/11/2005 | 443 | 04/05/2006 |
| 15 | STERN, NELSON M. | nysdce | 1:2006cv01634 | 03/02/2006 | 446 | 08/16/2006 |
| 16 | STERN, NELSON M. | nysdce | 1:2004cv01703 | 03/02/2004 | 443 | 02/10/2005 |
| 17 | STERN, NELSON M. | nysdce | 1:2003cv01737 | 03/13/2003 | 890 | 06/02/2003 |
| 18 | STERN, NELSON M. | nyndce | 1:1995cv01861 | 12/29/1995 | 790 | 08/18/1997 |
| 19 | STERN, NELSON M. | nyedce | 1:2005cv02051 | 04/28/2005 | 443 | 03/16/2006 |
| 20 | STERN, NELSON M. | nysdce | 1:2003cv02164 | 03/27/2003 | 890 | 06/30/2003 |
| 21 | STERN, NELSON M. | nysdce | 1:2004cv02277 | 03/22/2004 | 443 | 07/29/2004 |
| 22 | STERN, NELSON M. | nysdce | 1:2004cv02295 | 03/23/2004 | 443 | 11/08/2004 |
| 23 | STERN, NELSON M. | nysdce | 1:2004cv02296 | 03/23/2004 | 443 | 07/16/2004 |
| 24 | STERN, NELSON M. | nysdce | 1:2004cv02501 | 03/31/2004 | 443 | 06/30/2004 |
| 25 | STERN, NELSON M. | nysdce | 1:2004cv02769 | 04/12/2004 | 442 | 12/08/2004 |
| 26 | STERN, NELSON M. | nysdce | 1:2004cv02770 | 04/12/2004 | 443 | 02/07/2005 |
| 27 | STERN, NELSON M. | nysdce | 1:2000cv02909 | 04/17/2000 | 440 | 07/09/2001 |

U.S. Party/Case Index All Types Name Search Results

28 STERN, NELSON M. nysdce 1:2007cv02923 07/11/2008 446
29 STERN, NELSON M. nysdce 1:2005cv03079 03/22/2005 443 10/27/2005
30 STERN, NELSON M. nyedce 1:2004cv03099 07/22/2004 890 05/18/2006
31 STERN, NELSON M. nysdce 1:2006cv03247 04/27/2006 443 07/13/2006
32 STERN, NELSON M. njdce   2:2005cv03276 06/29/2005 446 04/27/2007
33 STERN, NELSON M. nysdce 1:2004cv03302 04/30/2004 443 02/16/2005
34 STERN, NELSON M. nysdce 1:2004cv03578 05/11/2004 443 07/22/2004
35 STERN, NELSON M. nysdce 1:2005cv03783 04/13/2005 443 11/03/2005
36 STERN, NELSON M. candce 3:1998cv03807 10/01/1998 410 05/12/1999
37 STERN, NELSON M. nysdce 7:2003cv03824 05/28/2003 440 10/30/2003
38 STERN, NELSON M. nysdce 1:2004cv03984 05/26/2004 443 09/23/2004
39 STERN, NELSON M. nysdce 1:2005cv04024 04/21/2005 443 01/05/2006
40 STERN, NELSON M. nysdce 1:2005cv04025 04/21/2005 443 03/29/2006
41 STERN, NELSON M. nysdce 1:2005cv04092 04/25/2005 443 07/13/2005
42 STERN, NELSON M. nysdce 1:2004cv04101 06/01/2004 443 10/05/2004
43 STERN, NELSON M. nyedce 1:2004cv04247 10/01/2004 890 05/18/2005
44 STERN, NELSON M. nysdce 1:2006cv04426 06/13/2006 446 10/30/2006
45 STERN, NELSON M. nyedce 2:2007cv04557 10/31/2007 446 06/13/2008
46 STERN, NELSON M. nysdce 1:2004cv04621 06/21/2004 442 10/19/2004
47 STERN, NELSON M. nysdce 1:2004cv04622 06/21/2004 440 12/21/2004
48 STERN, NELSON M. nysdce 1:2006cv04677 06/19/2006 446 12/22/2006
49 STERN, NELSON M. nysdce 1:2006cv04680 06/19/2006 446 01/24/2007
50 STERN, NELSON M. nyedce 1:2006cv05045 09/19/2006 445 05/16/2007
51 STERN, NELSON M. nyedce 2:2006cv05487 10/11/2006 446
52 STERN, NELSON M. nysdce 1:2006cv05745 07/31/2006 446 12/27/2006
53 STERN, NELSON M. nysdce 1:2006cv05746 07/31/2006 446 02/05/2007
54 STERN, NELSON M. nysdce 1:2006cv05747 07/31/2006 446 09/12/2007

 Next 25

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/31/2008 09:23:58 | | |
| PACER Login: | ██████ | Client Code: | |
| Description: | All Types srch pg 1 | Search Criteria: | STERN, NELSON M. |
| Billable Pages: | 1 | Cost: | 0.08 |

### U.S. Party/Case Index - Home
**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports

U.S. Party/Case Index All Types Name Search Results



## U.S. Party/Case Index

## All Types Name Search Results

**79 Total Party matches for selection STERN, NELSON M. for ALL COURTS**
**Search Complete**
**Thu Jul 31 09:04:08 2008**
**Selections 55 through 79 (Page 2)**

● Download (2 pages $ 0.00)


Previous 54

### Civil Cases

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 55 | STERN, NELSON M. | nysdce | 1:2006cv05747 | 07/31/2006 | 446 | 09/12/2007 |
| 56 | STERN, NELSON M. | nysdce | 1:2004cv05784 | 07/26/2004 | 443 | 10/27/2004 |
| 57 | STERN, NELSON M. | nysdce | 1:2004cv05845 | 07/28/2004 | 443 | 09/14/2004 |
| 58 | STERN, NELSON M. | nyedce | 1:2003cv05847 | 11/20/2003 | 890 | 02/26/2004 |
| 59 | STERN, NELSON M. | nysdce | 1:2005cv06347 | 07/12/2005 | 440 | 10/03/2005 |
| 60 | STERN, NELSON M. | nysdce | 1:2005cv06590 | 07/21/2005 | 443 | 05/11/2006 |
| 61 | STERN, NELSON M. | nysdce | 1:2005cv06649 | 07/25/2005 | 443 | 04/20/2006 |
| 62 | STERN, NELSON M. | nysdce | 1:2004cv07053 | 09/02/2004 | 443 | 04/18/2005 |
| 63 | STERN, NELSON M. | nysdce | 1:2004cv07054 | 09/02/2004 | 442 | 04/20/2005 |
| 64 | STERN, NELSON M. | nysdce | 1:2004cv07055 | 09/02/2004 | 443 | 04/21/2006 |
| 65 | STERN, NELSON M. | nysdce | 1:2003cv07212 | 09/15/2003 | 443 | 04/30/2004 |
| 66 | STERN, NELSON M. | nysdce | 1:2004cv07455 | 09/21/2004 | 443 | 07/18/2005 |
| 67 | STERN, NELSON M. | nysdce | 1:2004cv07806 | 10/01/2004 | 443 | 01/26/2006 |
| 68 | STERN, NELSON M. | nysdce | 1:2004cv08056 | 10/13/2004 | 443 | 11/18/2004 |
| 69 | STERN, NELSON M. | nysdce | 1:2006cv08150 | 11/27/2006 | 443 | 05/21/2007 |
| 70 | STERN, NELSON M. | nysdce | 1:2006cv08289 | 10/11/2006 | 446 | 04/16/2007 |
| 71 | STERN, NELSON M. | nysdce | 1:2004cv09024 | 11/16/2004 | 443 | 01/10/2005 |
| 72 | STERN, NELSON M. | nysdce | 1:2003cv09473 | 11/26/2003 | 443 | 03/24/2004 |
| 73 | STERN, NELSON M. | nysdce | 1:2005cv09553 | 11/14/2005 | 446 | 02/16/2006 |
| 74 | STERN, NELSON M. | nysdce | 1:2005cv09703 | 11/17/2005 | 446 | 06/21/2006 |
| 75 | STERN, NELSON M. | nysdce | 1:2003cv10063 | 12/19/2003 | 443 | 09/02/2004 |
| 76 | STERN, NELSON M. | nysdce | 1:2006cv13735 | 12/05/2006 | 446 | 06/14/2007 |
| 77 | STERN, NELSON M. | nysdce | 1:2006cv13736 | 12/05/2006 | 446 | 06/26/2008 |
| 78 | STERN, NELSON M. | nysdce | 1:2006cv14214 | 12/07/2006 | 440 | 12/14/2006 |
| 79 | STERN, NELSON M. | nysdce | 1:2006cv14369 | 12/13/2006 | 446 | 06/15/2007 |

Previous 54

# Select A Case

**This person is a party in 49 cases.**

| | | | |
|---|---|---|---|
| 1:04-cv-01559-DLC | Access of All, Inc. et al v. New York One and Two Cinemas et al | filed 02/24/04 | closed 08/17/04 |
| 1:04-cv-01703-RMB-RLE | A.D.A. Access Today, Inc. et al v. Plaza Athenee Hotel Company Limited | filed 03/02/04 | closed 02/10/05 |
| 1:04-cv-02277-VM | Accessibility for All, Inc. et al v. Morgan Hotel et al | filed 03/22/04 | closed 07/29/04 |
| 1:04-cv-02295-DAB | Accessibility for All, Inc. et al v. Bedford Hotel et al | filed 03/23/04 | closed 11/08/04 |
| 1:04-cv-02296-HB | Accessibility for All, Inc. et al v. Mansfield Hotel et al | filed 03/23/04 | closed 07/16/04 |
| 1:04-cv-02501-WHP | Accessibility for All, Inc. et al v. BEST WESTERN SEAPORT INN et al | filed 03/31/04 | closed 06/30/04 |
| 1:04-cv-02769-KMK | Accessibility for All, Inc. et al v. Newton Hotel Corporation et al | filed 04/12/04 | closed 12/08/04 |
| 1:04-cv-02770-WHP | Accessibility for All, Inc. et al v. Comfort Inn Central Park West et al | filed 04/12/04 | closed 02/07/05 |
| 1:04-cv-03302-RCC | Accessibility for All, Inc. et al v. Quality Inn et al | filed 04/30/04 | closed 02/16/05 |
| 1:04-cv-03578-AKH | Accessibilty For All, Inc. et al v. Red Roof Inn et al | filed 05/11/04 | closed 07/22/04 |
| 1:04-cv-03984-LTS | Accessibility for All, Inc. et al v. Comfort Inn Manhattan Hotel et al | filed 05/26/04 | closed 09/23/04 |

| 1:04-cv-04101-RCC | Accessibility for All, Inc. et al v. Best Western Hotel et al | filed 06/01/04 | closed 10/05/04 |
| 1:04-cv-04621-NRB | Accessibility for All, Inc. et al v. Hotel Avalon et al | filed 06/21/04 | closed 10/19/04 |
| 1:04-cv-04622-RJH | Accessibility for All, Inc. et al v. Loews 72nd Street Theater | filed 06/21/04 | closed 12/21/04 |
| 1:04-cv-05784-JSR | Accessibility for All, Inc. et al v. The Allerton Hotel et al | filed 07/26/04 | closed 10/27/04 |
| 1:04-cv-05845-RMB | Accessibility for All, Inc. et al v. Marriot Execustay et al | filed 07/28/04 | closed 09/14/04 |
| 1:04-cv-07053-NRB | Accessibility for All, Inc. et al v. Hotel Metro et al | filed 09/02/04 | closed 04/18/05 |
| 1:04-cv-07054-WHP | Accessibility for All, Inc. et al v. Carlyle Hotel et al | filed 09/02/04 | closed 04/20/05 |
| 1:04-cv-07055-BSJ | Accessibility for All, Inc. et al v. Ameritania Hotel et al | filed 09/02/04 | closed 04/21/06 |
| 1:04-cv-07455-BSJ-JCF | Access 4 All, Inc. et al v. Herald Hotel Associates, L.P. | filed 09/21/04 | closed 07/18/05 |
| 1:04-cv-07806-RJH | Access 4 All, Inc. et al v. Cornwall Hotel Associates, LLC | filed 10/01/04 | closed 01/26/06 |
| 1:04-cv-08056-LAK | Accessibility for All, Inc. et al v. Buckingham Hotel et al | filed 10/13/04 | closed 11/18/04 |
| 1:04-cv-09024-RMB | Accessibility for All, Inc. et al v. Travel Inn et al | filed 11/16/04 | closed 01/10/05 |
| 1:05-cv-03079-LAP | Accessibility for All, Inc. et al v. Comfort Inn Midtown et al | filed 03/22/05 | closed 10/27/05 |

| 1:05-cv-03783-PKC | Access 4 All, Inc. et al v. CTF Westchester Hotel, LLC | filed 04/13/05 | closed 11/03/05 |
| 1:05-cv-04024-GBD | Access 4 All, Inc. et al v. Lophijo Realty Corp | filed 04/21/05 | closed 01/05/06 |
| 1:05-cv-04025-GEL-FM | Access 4 All, Inc. et al v. Golden Gate Motor Inn, Inc. | filed 04/21/05 | closed 03/29/06 |
| 1:05-cv-04092-CBM | Accessibility for All, Inc. et al v. Quality Hotel Times Square et al | filed 04/25/05 | closed 07/13/05 |
| 1:05-cv-06347-HB | Accessibility for All, Inc. et al v. Loews Cineplex Lincoln Square et al | filed 07/12/05 | closed 10/03/05 |
| 1:05-cv-06590-AKH | ADA Access Today, Inc. et al v. Starlex, LLC | filed 07/21/05 | closed 05/11/06 |
| 1:05-cv-06649-GEL | Accessibility for All, Inc. et al v. The Helmsley Carlton Hotel et al | filed 07/25/05 | closed 04/20/06 |
| 1:05-cv-09553-KMK | Access 4 All, Inc. et al v. Dilstan Realty Corporation | filed 11/14/05 | closed 02/16/06 |
| 1:05-cv-09703-GWG | Access 4 All, Inc. et al v. Brooks Shopping Centers LLC | filed 11/17/05 | closed 06/21/06 |
| 1:06-cv-01634-DCF | Access 4 All, Inc. et al v. Stanford New York LLC | filed 03/02/06 | closed 08/16/06 |
| 1:06-cv-03247-VM | Accessibility for All, Inc. et al v. Ramada Hotel et al | filed 04/27/06 | closed 07/13/06 |
| 1:06-cv-04426-PAC | Access 4 All, Inc. et al v. Wolcott Hotel, Co. | filed 06/13/06 | closed 10/30/06 |
| 1:06-cv-04677-SAS | Access 4 All, Inc. et al v. Affinia Management Company, L.L.C. | filed 06/19/06 | closed 12/22/06 |

| 1:06-cv-04680-KMK | Access 4 All, Inc. et al v. Historic Inns of New York City, LLC | filed 06/19/06 | closed 01/24/07 |
| 1:06-cv-05745-HB | Access 4 All, Inc. et al v. HMC Capital Resources LLC | filed 07/31/06 | closed 12/27/06 |
| 1:06-cv-05746-GBD | Access 4 All, Inc. et al v. Rosbrock LLC. | filed 07/31/06 | closed 02/05/07 |
| 1:06-cv-05747-VM-HBP | Access 4 All, Inc. et al v. Alphonse Hotel Corporation | filed 07/31/06 | closed 09/12/07 |
| 1:06-cv-08150-GEL | Access for All, Inc. et al v. IMICO 86 Developer, LLC et al | filed 10/05/06 | closed 05/21/07 |
| 1:06-cv-08289-MGC | Access 4 All, Inc. et al v. Motel in the Sky, Inc. | filed 10/11/06 | closed 04/16/07 |
| 1:06-cv-13735-GBD | Access 4 All, Inc. et al v. Bruckner Plaza Associates L.P. | filed 12/05/06 | closed 06/14/07 |
| 1:06-cv-13736-DCF | Nelson M. Stern v. G&T Consulting Company LLC. | filed 12/05/06 | closed 06/26/08 |
| 1:06-cv-14214-PAC | Stern v. Kreisel Co., Inc. et al | filed 12/07/06 | closed 12/14/06 |
| 1:06-cv-14369-VM | Access 4 All Inc. et al v. New Latham Hotel Corp. | filed 12/13/06 | closed 06/15/07 |
| 1:07-cv-01112-LTS | Access 4 All, Inc. et al v. JLJ Management, Co. | filed 02/13/07 | closed 11/01/07 |
| 1:07-cv-02923-LBS-FM | Access 4 All, Inc. v. Stern et al | filed 04/12/07 | |

## PACER Service Center

| **Transaction Receipt** | | | |
|---|---|---|---|
| 07/31/2008 16:59:00 | | | |
| **PACER Login:** | ▬▬▬ | **Client Code:** | Ulster Heights |
| **Description:** | Search | **Search Criteria:** | Last Name: Stern First Name: Nelson Middle Name: m. |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

**Exhibit "4"**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 01-CIV-14300-MIDDLEBROOKS/LYNCH

**ACCESS FOR AMERICA, INC.**
**a Florida not-for-profit corporation,**
**and JOHN McNEILLY, an individual**

**vs.**

**SPEEDWAY SUPERAMERICA, LLC,**
**a foreign limited liability company**

_____/



### SANCTIONS ORDER

THIS CAUSE comes before the Court upon the Sanctions Hearing heard before the undersigned on March 10, 2003. The Court previously determined that sanctions were warranted due to Plaintiffs' counsel, Mr. Lawrence A. Fuller's ("Fuller") failure to conduct a reasonable pre-suit inquiry. The Court's numerous prior orders regarding this matter make a full recitation of the facts unnecessary. However, the Court briefly recites the relevant pieces of this case's history as follows.

Plaintiffs Access For America ("Access") and John McNeilly ("McNeilly") filed suit in October of 2001. The Complaint alleged that McNeilly was a member of the Access, the organizational plaintiff, that he suffered from quadriplegia, that he had visited the place of public accommodation owned by Defendant Super Speedway ("Speedway") in the past, and had been denied services due to his disability, and that he planned on returning to Speedway in the future.

Despite his quadriplegia, McNeilly walked into his deposition on April 16, 2002.[1]

---

[1] The deposition had been previously scheduled to occur at an earlier date, but had been reset allegedly due to McNeilly's hospitalization and medical condition.