UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

ACCESS 4 ALL, INC., a Florida Not-For-Profit
Corporation, and NELSON M. STERN,
Individually,

                 Plaintiffs,

v.

ULSTER HEIGHTS PROPERTIES, INC.

                 Defendant.

-----------------------------------------------------------x

Case No. 1:07-cv-2923-LBS-FM

**PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING
REMEDIATION**

      Plaintiffs, ACCESS 4 ALL, INC. and NELSON M. STERN, by and through the undersigned

counsel, hereby submit this Response to Defendant's Motion For a Stay Pending Remediation, and

state as follows:

      1.  Plaintiffs brought this action pursuant to Title III of the Americans with Disabilities Act,

42 U.S.C. § 12181, et seq., because Defendant's property is not accessible to Plaintiffs and other

persons with disabilities. Plaintiffs do not seek monetary damages in this case, only injunctive relief

to require Defendant to make the property accessible and to bring the property into compliance with

the ADA and its implementing regulations.

      2.  Defendant has filed a Motion to Stay Plaintiffs' action, ostensibly so that Defendant can

then evaluate its property and remove barriers to access that admittedly exist thereupon without inter-

meddling by Plaintiffs or the Court, and without incurring additional legal fees.  What Defendant has

lost sight of is that it is only because of Plaintiffs' filing and prosecution of this action that Defendant

is even contemplating any efforts to undertake remediation at this time, and that it will be Plaintiffs'

continued prosecution of Defendant in this action that ensures that all barriers to access are timely

and correctly identified and removed.  In short, Defendant has had over eighteen (18) years from the

date Congress mandated the removal of barriers to make a good faith effort towards compliance, yet did very little. There is also little doubt that the only means to ensure that Defendant will timely identify and remove all barriers is with the assistance of Plaintiffs and the Court.

3. In requesting that this action be stayed, Defendant fails to acknowledge that the moving party bears a heavy burden to show why a stay should be granted absent statutory authority for the stay. Coastal (Bermuda) Limited v. A.W. Saybolt and Company, Inc., 761 F.2d 198 (5th Cir. 1985). In this case no statutory authorization exists for granting the stay. To the contrary, in this civil rights case under Title III of the Americans With Disabilities Act, 42 U.S.C. § 12188, et seq. ("ADA"), where Plaintiffs are expressly granted injunctive relief as their exclusive remedy, a stay should not be granted. See 42 U.S.C. 12188(a)(2); Hines v. D'Artois, 531 F.2d 726 (5th Cir. 1976).

4. In determining whether this Court should stay these proceedings it should consider the likelihood that the moving party will ultimately prevail on the merits, the extent to which the moving party will be irreparably harmed if the stay is not granted, the possibility of harm to the opposing party if the stay is issued, and whether the stay would be in the public interest, with the first factor generally being the most important. Guirola Beeche v. U.S. Department of Justice, 662 F. Supp. 1414 (S.D. Fla. 1987); U.S. v. International Brothers of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO, 803 F.Supp. 734 (S.D.N.Y. 1992). See also, Gonker v. Murphy Motor Freight, Inc., 84 B.R. 534 (M.D. Ind. 1987) (Party seeking stay must demonstrate clear and convincing circumstances outweighing potential harm to parties against whom stay is operative. None of these elements were addressed by Defendant. When these elements are considered, stays

-2-

are routinely denied in ADA cases. See <u>ADA Access Today, Inc. v. Plaza Operating Partners, Ltd.,</u> Case No. 03-cv-7226 (KMW) (S.D.N.Y. 2004) (attached as **Exhibit 1**); <u>Access 4 All, Inc. v. Cedar Equities, Ltd.,</u> Case No. 3:03-cv-885-J-99HTS (MD Fl. 2004) (attached as **Exhibit 2**); <u>Access 4 All, Inc. v. Ritchie Investments, Inc.,</u> Case No. 01-14086-CIV-MIDDLEBROOKS (S.D. Fl. 2001)(attached as **Exhibit 3**).

5. Plaintiffs submit that a stay in this action should not be granted for a number of reasons: (1) Defendant has not proven a likelihood that it will prevail in this action, particularly where Defendant admits to the violations at its property; (2) it is unlikely that Defendant will remove all of the barriers to access during the period of the stay, and without the input and persistence of Plaintiffs; (3) the stay will have the effect of prolonging the discrimination against Plaintiffs if <u>all</u> barriers to access are not removed within the time of the stay; and (4) Defendant has not proven a clear case of hardship or inequity, nor that a stay of the entire proceedings is the only or least intrusive remedy.

6. <u>First</u>, in this case, there is virtually no likelihood of Defendant prevailing on the merits of this action. In fact, Defendant's own filings admit that it is in violation of the ADA and in need of remediation more than eighteen (18) years after it was to have been in compliance with the ADA. Accordingly, Defendant has failed to meet the first, and most important element, in obtaining a stay. Defendant merely says it is hopeful of holding down attorneys fees by delaying this action for 90 days.

7. <u>Second,</u> Defendant has not proven a likelihood that <u>all</u> barriers to access will be removed during the stay. Indeed, even at this time, Defendant has yet to perform any meaningful evaluation of the property or provide the Court with any parameters for the purported remediation. Critically, Defendant submits no description of the work to be performed nor any documents verifying the work to be completed, nor the time-frame for completion (i.e. requests for proposals, bids, proposals, letters of interest, responses, reports, plans, drawings, diagrams, permits, invoices, bills, etc.). Considering the barriers to access alleged by Plaintiff in the Amended Complaint (Amended Complaint Paragraph 11), the work that must be undertaken is extensive, will likely require permitting, and will therefore take careful attention and meaningful efforts to complete. Yet, Defendant submits no evidence that the work will be timely completed other than the unverified assurances of Defendant's counsel, nor of any plans, diagrams, or permits that have been commenced or approved by applicable government authorities. Thus, it is speculative, at best, to grant a stay of this action based on the submission of Defendant and its arbitrary and unsupported claims.

8. Furthermore, Defendant's claim that it will make "alterations" is illusory where Plaintiffs and Plaintiffs' expert witness have not had the opportunity to conduct discovery or a Rule 34 inspection of the property in order to fully identify all barriers to access at the property that restrict and/or limit Plaintiffs' ability to access the facility. The law is well settled that once an initial barrier is encountered, restricting or limiting a Plaintiff's ability to access a facility, the Plaintiff has standing to raise all barriers at the facility related to the Plaintiff's disability. <u>See Alliance for ADA Compliance, Inc. v. Edwin Frank</u>, Case No. 01-7248-civ-Ungaro-Benages (S.D.FL. 2002); <u>Steger</u>

v. Franco, 228 F.3d 889 (8th Cir. 2000); Parr v. L&L Drive-In Restaurant, 2002 WL 684800, at 1 (D.

Haw. May 16, 2000).  In interpreting Steger and Parr, one Court held:

> Generally, these cases permit plaintiffs to seek relief for any ADA violations in [a
> facility] affecting [their] specific disability.  Accordingly, upon encountering an
> initial barrier, plaintiffs have standing to sue for unencountered, internal barriers they
> have not yet reached, their access having been blocked by the first violation.

See Alliance for ADA Compliance, Inc., at Pg. 2.  This rationale is premised on the undeniable

reality that:

> ...The legal interest at stake is Plaintiff's right to patronize [Defendant's facility] free
> from discrimination.  The discrimination occurred as soon as Plaintiff encountered
> an architectural barrier.  Plaintiff should not be required to encounter every barrier
> seriatim within [Defendant's facility] to obtain effective relief...

Parr, 2000 WL 684800, 15; See also, Independent Living Resources v. Oregon Arena Corp., 982 F.

Supp. 698, 762 (D. Or. 1997) (ordering injunctive relief for entire arena although it "is unlikely that

any individual plaintiff will ever sit in each of the seats in the area, or use each of the restrooms, or

attempt to reach each of the ketchup dispensers").  Plaintiffs should be granted the opportunity to

conduct a full inspection of the property early in this action.  See Amended Complaint, Paragraph

12, and Rule 34, Fed.R.Civ.P.

9.  Third, the staying of this action will have the effect of prolonging the discrimination

against Plaintiffs if the work is not in fact completed during the stay.  As set forth above, it is

possible, if not likely, that the work required to make the property accessible will not be completed

during the stay. There are numerous factors beyond Defendant's control that could (arguably)

preclude or delay the corrections. The 90 stay requested by the Defendant will have the effect of continuing the discrimination against Plaintiffs by prolonging this case and its resolution. As alleged in the Amended Complaint, the discrimination will continue unless and until all barriers to access are removed, and therefore, any delay in these proceedings will necessarily prolong the discrimination.

10. Fourth, Defendant has not proven a clear case of hardship or inequity. Whether or not the stay is entered, Defendant can proceed with evaluating and making alterations and modifications to the property. Plaintiffs do not object to Defendant making such corrections during the pendency of this action, only to Defendant's attempt to delay this action and preclude Plaintiffs from conducting discovery and an inspection of the property to identify all barriers to access. Thus, and because Defendant has not shown the likelihood of any prejudice, and the possibility of prejudice and continued discrimination to Plaintiffs is great, the stay should be denied.

11. Additionally, Defendant has not proven that a stay of the entire proceedings is the only or least intrusive remedy. Other alternatives would provide Defendant with the relief it seeks, while also addressing Plaintiffs' concerns. For example, the Court could set the case for trial and, in order to lessen the expense of discovery, the Court could simply limit discovery to that which is necessary to identify all of the barriers to access at the property, and to the information necessary to determine whether it is "readily achievable" to remove the barriers. See Rule 26, Fed.R.Civ.P.; 42 U.S.C. § 12181 (5 factors that must be considered in determining whether barrier removals are "readily achievable"); 28 C.F.R. § 36.104 (same).

Access 4 All, Inc. v. Ulster Heights
Case No. 1:07-cv-2923-LBS-FM
Plaintiffs' Response to Defendant's Motion to Stay

12.  In conclusion, Defendant's grounds for requesting a stay of this entire action are not legally sufficient. There is simply no basis for staying a proceeding simply because Defendant tells the Court that it believes Defendant will face additional costs if the 90 day stay is not granted.  More important, placing a case on hold where there is ongoing discrimination, merely based of the fact that Defendant believes it will be faced with more costs undermines the intent of Congress to ensure that places of public accommodation be made accessible to persons with disabilities and to provide persons with access to the federal courts where public accommodations are not accessible.  The ADA was enacted by Congress on July 26, 1990.  Congress then gave businesses one and one-half years, until the January 26, 1992 effective date, to comply with its requirements.  Instead of complying, Defendant did almost nothing.  Therefore, the Court should pay little attention to the unfounded objections that Defendant now raises to the continuance of this action.

13.  Plaintiffs strongly disagree with Defendant's contention that granting a stay will not prejudice the Plaintiffs.  As explained by Judge Wood in ADA Access Today, Inc. v. Plaza Operating Partners, Ltd., *supra*, "Plaintiffs have a strong interest in proceeding with this litigation, to promote the ADA's goal of insuring that the disabled have equal access to public facilities."

14.  In citing three 2003 cases from the Middle District of Florida in support of Defendant's position in favor of a stay, Defendant fails to cite Florida cases denying a stay.  See Access 4 All, Inc. v. Ritchie Investments, Inc., *supra*; Access 4 All, Inc. v. Cedar Equities, Ltd., *supra*.

15.  More importantly, Defendant fails to acknowledge that this issue of whether to grant a stay in an ADA action, has already been decided in a New York case directly on point, where Judge

Wood of the Southern District of New York considered each of the five factors that courts in the Southern District of New York should consider when determining whether to stay an ADA action. After reviewing the five <u>Volmar</u> factors set forth in <u>Volmar Distributors v. New York Post Co.</u>, 152 Frd 36, 39 (S.D.N.Y. 1993), Judge Wood rejected the Defendant's request for a stay in the ADA case of <u>ADA Access Today, Inc. v. Plaza Operating Partners, Ltd.</u>, *supra*, for the following reasons:

a. "Plaintiffs have a strong interest in proceeding with this litigation, to promote the ADA's goal of ensuring that the disabled have equal access to public facilities."

b. "Defendant's interest is only in the avoidance of the cost of litigation."

c. "The Court has a strong interest in timely enforcement of federal laws."

d. "The ADA was enacted to further the public interest in affording disabled individuals equal access to public facilities. All disabled individuals In the New York are have an interest in the expeditious resolution of an ADA lawsuit such as this one."

16.    Rather than seek to cooperate in good faith with Plaintiff in correcting the ADA violations and barriers to access on Defendant's property, Defendant has made bad faith allegations against the Plaintiffs and their counsel. The Defendant's antagonistic motion only serves to prolong the litigation, and delay the reaching a joint plan to correct ADA violations and barriers to access. Rather than hold down attorneys fees and costs, Defendant's antagonistic motion only allows to serve Defendant's counsel to increase its own pockets and delay the Plaintiffs their opportunity to conduct a timely Rule 34 inspection. Accordingly, Plaintiffs herein request that the Court deny the

Defendant's Motion to Stay Proceedings Pending Remediation and request that the Court order a timely Rule 34 inspection of Defendant's premises.

WHEREFORE, the Plaintiffs request the Court deny the Defendant's Motion for Stay, and in turn expedite this proceeding by shortening the time-frame for discovery, allowing Plaintiffs to proceed at this time with a Rule 34 inspection, and setting a trial date approximately three to four months in the future.

Respectfully submitted,

By: /s/ Lawrence A. Fuller
    Lawrence A. Fuller, Esq. (LF5450)

Access 4 All, Inc. v. Ulster Heights
Case No. 1:07-cv-2923-LBS-FM
Plaintiffs' Response to Defendant's Motion to Stay

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically

via the Court's CM./ECF System on this 8th day of August, 2008 to:

Patricia E. Habas, Esq.
Bruce A. Rogers, P.C.
Prel Plaza, Suite 7
60 Dutch Hill Road
Orangeburg, NY 10962

By: /s/ Lawrence A. Fuller
Lawrence A. Fuller, Esq.  (LF5450)
**FULLER, FULLER & ASSOCIATES, P.A.**
Counsel for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami FL, 33181
Tel. 305-891-5199; Fax 305-893-9505
Lfuller@fullerfuller.com

and

Nelson M. Stern, Esq. (NS 8646)
**LAW OFFICE OF NELSON M. STERN**
Co-Counsel for Plaintiff Access 4 All, Inc.
630 Third Avenue, 18th Floor
New York, NY 10017
Tel. (212) 223-8330; Fax (212) 949-1859
scooterlawyer@aol.com

File 3429-Response to M-Stay (slm 8-6-08).wpd

-10-