UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

A.D.A ACCESS TODAY, INC., a
Pennsylvania not for profit
corporation, and NELSON STERN,
Individually,

                Plaintiffs,

   -against-                              03-cv-7226(KMW)

PLAZA OPERATING PARTNERS, LTD., a        ORDER
Texas Limited Partnership,

                Defendant.

------------------------------------x

                                              EXHIBIT 1

Wood, U.S.D.J.:

      Plaintiffs, a disabled individual and a not-for-profit corporation representing the interests of the disabled, sue the corporation that owns the Plaza Hotel in New York City for failing to conform with the Americans With Disabilities Act's ("ADA") regulations regarding access for the disabled to places of public accommodation. 42 U.S.C. § 12101 et seq. Plaintiffs seek a declaratory judgment that defendant is not in compliance with the ADA, injunctive relief to force defendant to bring the Plaza into compliance, and litigation costs. Defendant moves to stay this action

until the Department of Justice issues a report concerning defendant's efforts to satisfy the ADA. For the reasons stated below, the motion to stay is denied.

## Background

In 1990, Congress enacted the Americans With Disabilities Act. 42 U.S.C. § 12101 et seq. Regulations promulgated by the Justice Department pursuant to Section 12182 of the ADA set forth requirements for access to places of public accommodation. 28 C.F.R. 36.201(a). The Act gave commercial businesses 18 months to bring their facilities into compliance with the new regulations.

Plaintiffs allege that the Plaza Hotel never complied with the ADA. Defendant alleges that it is currently cooperating with the Department of Justice in a good-faith effort to bring the Plaza Hotel into compliance. Defendant moves to stay this action, arguing that a stay 1) would conserve judicial resources; 2) would not affect plaintiffs; and 3) would avoid inconvenience to defendant.

## Discussion

District courts may grant stays such as the one sought here "pursuant to their inherent power to regulate their dockets." <u>Kappel v. Comfort</u>, 914 F.Supp. 1056 (S.D.N.Y. 1996) (Mukasey, J.). Courts in this district consider five factors when determining whether to stay an action:

> 1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; 2) the private interests of and burden on the defendants; 3) the interests of the courts; 4) the interests of persons not parties to the civil litigation; and 5) the public interest.

<u>Volmar Distributors v. New York Post Co.</u>, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (internal citations omitted).

The Court reviews below each of the <u>Volmar</u> factors.

**The private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed.**

Plaintiffs have a strong interest in proceeding with this litigation, to promote the ADA's goal of ensuring that the disabled have equal access to public facilities.

3

**The private interests of and burden on the defendants.**

Defendant's interest is only in the avoidance of the cost of litigation.

**The interests of the courts.**

The Court has a strong interest in timely enforcement of federal laws.

**The interests of persons not parties to the civil litigation and the public interest.**

The ADA was enacted to further the public interest in affording disabled individuals equal access to public facilities. All disabled individuals in the New York area have an interest in the expeditious resolution of an ADA lawsuit such as this one.

On balance, the relevant interests in this case militate against a stay.

## Conclusion

Defendant's motion to stay this action [9-1] is denied. Counsel shall submit a proposed joint discovery plan and scheduling order to Magistrate Judge Pitman by August 30, 2004.

SO ORDERED.

Dated: New York, New York
August 19, 2004

Kimba M. Wood
United States District Judge

Copies of this Order have been faxed to counsel for the parties.