UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ACCESS 4 ALL, INC., a Florida Not-For-Profit
Corporation, and NELSON M. STERN,
Individually,

                            Plaintiffs,

     -against-

ULSTER HEIGHTS PROPERTIES, INC.,
a New York Corporation,

                            Defendant.
------------------------------------------------------------------X

Docket No.: 1:07-cv-2923
(LBS) (FM)

**REPLY AFFIRMATION**

Judge Leonard B. Sand
Magistrate Judge Frank Maas

     Defendant, Ulster Heights Properties, Inc. ("Ulster Heights") submits this reply affirmation in further support of its motion to stay this action for a period of 90 days to allow remediation of the property, as necessary, to assess and remove any purported barriers without the interference of Plaintiff's counsel or the threat of additional legal fees.

     1.     In its response, Plaintiff has fraudulently misrepresented to this Court that Defendant has acknowledged liability herein (Plaintiffs' Response to Defendant's Motion to Stay, ¶ 2 and 5). Rather, to the contrary, Defendant has specifically reserved its rights to all its defenses, including Plaintiffs' lack of standing and that Plaintiffs' remediation will not be "readily achievable". As this is an effort to resolve Plaintiffs' claims and perhaps make further litigation unnecessary (if Plaintiff's true purpose is to remove purported barriers to access at the restaurants and perimeter of the building as alleged in the complaint), thus a stay is appropriate in this instance.

     2.     In opposition to this motion for a stay, Plaintiff repeatedly cites to A.D.A Access Today, Inc. v. Plaza Operating Partners, Ltd., 03-cv-7226 (S.D.N.Y. 2004), wherein defendants in yet another one of Nelson Stern's cases also sought a stay of the action pending a

determination by the Department of Justice concerning remediation at the Plaza Hotel in Manhattan. Here, Defendant is not requesting that the action be stayed pending a determination by another agency, rather it seeks this stay to conduct a thorough examination by an engineer and perform any necessary work. This short period of time will allow work to be performed as there are only a few purported violations alleged by Plaintiffs'.

3. The Plaza case cites to an earlier decision, Volmar Distributors v. New York Post Co., 152 F.R.D. 36 (S.D.N.Y. 1993) supporting its analysis whether a stay was appropriate in that instance. The Volmar case involved antitrust and RICO claims by distributors against the New York Post and others for allegedly conspiring to deprive plaintiffs of newspaper routes. Id. Defendants in Volmar made an application for a stay pending the resolution of criminal matters pending against an individual and a related union. The Volmar court identified five factors:

> [When deciding whether to grant a stay, courts consider five factors:
> (1) the private interests of the plaintiffs in proceeding expeditiously
> with the civil litigation as balanced against the prejudice to the
> plaintiffs if delayed; (2) the private interests of and burden on the
> defendants; (3) the interests of the courts; (4) the interests of persons
> not parties to the civil litigation; and (5) the public interest"] Volmar at 39.

This Court further held that "balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice". Id. The facts of this case warrant a brief stay to alleviate any purported barriers to access.

5. The "private interest of plaintiff in proceeding expeditiously" is undermined by plaintiffs' own delays in this action by its failure to sue the proper party and in refusing to immediately discontinue its action against the Heinmans requiring further motion practice. While the plaintiffs argue that they have a strong interest in proceeding with this litigation and promoting the ADA's goal of ensuring that the disabled have equal access to public facilities, they simultaneously acknowledged that they have not even performed "any meaningful

evaluation of the property" (Paragraph 7 of Plaintiffs' Response Defendant's Motion to Stay). Indeed, it is unlikely that they returned to this building. Plaintiffs' arguments ignore Defendant's stipulation to provide counsel with notice of any proposed alterations. If Plaintiffs' true intention by this action is to permit "Access 4 All", any remediation that may be undertaken by Defendant would resolve the plaintiff's accessibility complaint.

6. The second factor (previously discussed by Defendant in its initial application) is the private interest of and burden on Ulster Heights. Since its initial contact with my office, Plaintiff s' counsel has insisted that if Defendant settles quickly it will reduce legal fees demanded by Plaintiffs. Before Defendant even had the opportunity to submits its answer, Plaintiffs' counsel demanded that Defendant respond to its expedited discovery schedule and have an inspection of the entire building done on two weeks notice (likely to preclude Defendant's ability to retain an expert to be present for said inspection).

7. Furthermore, Plaintiffs' counsel has improperly demanded an inspection of the entire building containing several private offices, when its claims relate to two restaurants on the first floor and areas directly outside the restaurants. This overly broad demand was coupled with the implicit threat that if Defendant does not settle, it will incur additional legal fees. (See copy of plaintiff's counsel letter dated July 23, 2008, annexed hereto as Exhibit "6"). Plaintiffs threat to increase its damages claim by billing needless legal fees and "expert" fees including gratuitous trips to New York, rather than attempting to mitigate any damages and allow Ulster Heights to actually remedy miscellaneous items alleged by Plaintiff, such as the grab bar in a toilet room (which Defendant believes already exists for at least one location) or the location of the mirror in a tenant's bathroom (which may be removed entirely as there may not be an alternative location for it). These threats and the threat to further interrupt the business operations and violate the

privacy of more than a dozen tenants (for which Plaintiffs have no standing to assert claims for purported violations in the remaining tenants' spaces as they are not places of public accommodation) constitute severe prejudice.

8. Plaintiff's Response mentions the possibility of limiting discovery, which is proper here. Plaintiff's Rule 34 inspection, if necessary, should be limited to those areas where violations are alleged. For example, the overly broad demand by Plaintiff would include an inspection of Defendant's counsel's private offices, which contain privileged documents and work product. There are several attorneys' and doctors offices containing privileged materials that would be similarly disrupted by unnecessary discovery. This inspection is intrusive and violates the tenants' rights to privacy. Furthermore, Mr. Stern and Access 4 All have no standing to raise any purported violations within these private individual's office spaces. Plaintiffs are not consumers or have any reason to visit any of the business offices in the remainder of the building. Those offices are not places of public accommodation. Rather, plaintiffs' seek to conduct a fishing expedition to find purported violations in areas beyond the scope of the ADA and thereby increase their legal fees. The courts have consistently refused to allow Plaintiffs to utilize an inspection to create standing or add additional violations not already set forth in the complaint. Erlich v. Incorporated Village of Sea Cliff, 2007 WL 1593211 at *5 (E.D.N.Y. 2007), Macort v. Goodwill Indus.-Manasota, Inc., 220 F.R.D. 377, 379 (M.D. Fla. 2003); Schwab v. Wyndham Int'l, Inc. 225 F.R.D. 538 (N.D. Tex. 2005).

9. Plaintiffs' claim that it will prejudiced by the "ongoing discrimination" is completely illusory and belied by the fact that Plaintiffs have not returned to the premises from its initial inspection by Carol Durban (which happens to be the same day Mr. Stern first encountered these alleged barriers). Plaintiffs erroneously assume that the discrimination exists

until the case is "resolved" (i.e. Plaintiff's attorney receives attorneys' fees). If purported barriers are removed, there is no longer an ongoing discrimination and hence no prejudice to Plaintiffs. Furthermore, it should be noted that contrary to Plaintiffs' contention, Plaintiffs or their expert do not set the standard for what is "readily achievable". Rather, that determination is expressly reserved for this Court.

10. It is likely that Defendant will succeed on its defenses resulting in the dismissal of this case. Defendant will establish that Plaintiffs have no standing to bring this claim, as a Manhattan resident visiting two local eating establishments over an hour away from his residence with no intention of returning to this building and a Florida corporation that has no standing since its claims are completely dependant on Plaintiff, Nelson Stern. Defendant will also show that the remediation proposed by Plaintiff may not be readily achievable by this owner, as Plaintiff has already claimed that "the work that must be undertaken is extensive, will likely require permitting, and will therefore take careful attention and meaningful efforts to complete" (Plaintiff's Response to Defendant's Motion to Stay, ¶ 7).

11. Plaintiffs further attempt to prejudice the Defendant by its request to the Court to limit discovery to its claims and not to Ulster Heights' defenses concerning Plaintiffs' utter lack of standing to bring this action. As made apparent by Mr. Fuller's previous representation of an individual that wasn't disabled and his utter lack of investigation of the merits of that case [See Access For America, Inc. v. Speedway Superamerica, LLC., 01-CIV-14300 (S.D.Fla. 2003)], the need for discovery of the Plaintiffs' standing in this case is overwhelming.

12. As previously stated in Defendant's Memorandum of Law, the interest of the courts is also served by this brief stay. Work performed by Ulster Heights to ensure that Plaintiff will not encounter any further discrimination as alleged in the complaint will resolve the ultimate

issue in this case, or at the very least reduce the number of claims to be decided by the Court. The brief delay in this matter will be of little consequence if the entire matter is resolved to allow Plaintiff's frequent patronage of the restaurants.

13.     The fourth factor, the interests of persons not parties to the action and the public interest will be affected by Plaintiffs' violation of tenants' rights to use their private offices without breaches of their quiet enjoyment by a parade of Plaintiff's purported expert, counsel and parties. A stay will limit the issues in this case as well as the discovery for any remaining issues.

14.     The fifth factor, the public interest is also satisfied here, as the brief delay in the discovery of this case will not affect the public at large. Rather, the public's interest is to gaining access to areas of the building where purported barriers exist.

15.     Unlike the Plaza case, Ulster Heights seeks a stay to evaluate and remediate as necessary, the purported barriers to access at the property. In contrast, the Plaza Hotel sought a stay, not to perform remediation, but to await a decision from the Department of Justice. Here, Defendant has retained a licensed engineer to perform an evaluation of what remediation, if any, is required. Defendant intends to provide Plaintiff a report of any such remediation within 30 days, without prejudice to its standing and readily achievable defenses and to keep Plaintiff apprised of the work performed. Clearly, Plaintiff's counsel does not need to travel to New York more than once for an inspection.

16.     The opinion of a licensed professional engineer is required to discover, what if anything, can be done about some of Plaintiff's alleged violations. The topographical nature of the land surrounding the building has slopes beyond defendant's control. Although caselaw has held that no notice was required to defendant prior to Plaintiff's shotgun litigation, defendant was completely unaware that any of these purported barriers existed. The violations alleged by

Plaintiff are not readily apparent items, such as the size and shape of a handrail or doorknob. If a difficultly has been encountered, defendant has always been willing to accommodate people.

17.     The truth is that Plaintiffs have manipulated and distorted the true intent of the American with Disabilities Act for their own financial gain. The public interest can hardly be served by filling Lawrence Fuller's coffers. The public interest is not served by overwhelming courts with hundreds of cases around the country for attorneys' personal gain under the guise of seeking access for disabled persons. Therefore, allowing a brief stay of these proceedings would not be contrary to the public interest.

18.     Stays have been granted in appropriate circumstances and this Court has the authority to grant this brief stay.

WHEREFORE, it is respectfully submitted that a 90 day stay should be granted to Defendant Ulster Heights Properties, Inc. to allow an engineer to inspect and to perform remediation work that may be necessary to remove barriers at the property.

Dated: Orangeburg, New York
       August 13, 2008

_____/S/_____
Patricia E. Habas, Esq. (PEM 8353)
ROGERS, McCARRON & HABAS, P.C.
Attorneys for Defendant
Ulster Heights Properties, Inc.
Prel Plaza, Suite 7
60 Dutch Hill Road
Orangeburg, NY 10962
(845) 359-5400

To:   Nelson M. Stern, Esq. (NS8646)
      NELSON M. STERN ATTORNEY AT LAW
      Counsel for Plaintiff Access 4 All, Inc.
      964 Third Avenue, 5th Floor
      New York, NY 10155
      (212) 223-8330
      (212) 371-2131 – Facsimile
      scooterlawyer@aol.com

Lawrence A. Fuller, Esquire
FULLER, FULLER & ASSOCIATES, P.A.
Co-Counsel for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
lfuller@fullerfuller.com

Exhibit "6"

LAW OFFICES OF
# FULLER, FULLER & ASSOCIATES, P.A.

SUITE 609
12000 BISCAYNE BOULEVARD
NORTH MIAMI, FLORIDA 33181

TEL (305) 891-5199
FAX (305) 893-9505

July 23, 2008

Patricia E. Habas, Esq.
ROGERS, McCARRON & HABAS, P.C.
Prel Plaza, Suite 7
60 Dutch Hill Road
Orangeburg, NY 10962

**Re:**  ***Access 4 All, Inc. and Stern  v. Ulster Heights***
*Case No.: 1:07-CV-2923-LBS; Our File No: 3849-NY*

Dear Ms. Habas:

Enclosed for your review are the following:

1. Proposed Southern District Joint Scheduling Report with proposed Order -- please review same and call me.

2. Two proposed Consents to Jurisdiction by the Magistrate – one form provides for the Magistrate to decide all dispositive motions, and the other form provides for the Magistrate to decide all dispositive motions including the trial.  I am agreeable to either one of the proposals, or any modification thereof.

3. Plaintiffs' Certificate of Interested Persons and Corporate Disclosure Statement, Plaintiffs' Initial Rule 26(a)(1) Disclosure and Plaintiffs' Rule 26(a)(2) Expert Disclosures with expert resumes and expert report.

We are desirous of a prompt resolution of the matter.  In that vein, a comprehensive inspection is required.  We are seeking your permission to inspect the property which is the subject of this action on a convenient date as soon as possible.  The purpose of the inspection is to measure, survey, or photograph the property.  We seek to inspect the entire property including the common areas and all tenant spaces, whether occupied or unoccupied. Hopefully, the inspection will result in our being able to submit to you a proposal for settlement.  An expedited inspection is likely to result in an expedited settlement, thereby holding down the

potential fees and costs.  If you are agreeable to an expedited inspection, then please have your secretary arrange with my legal assistant Alicia, a convenient date for the inspection. Ordinarily, an inspection should take between one to two hours.

       Should you have any questions, please contact me.

                                Very truly yours,

                                FULLER, FULLER & ASSOCIATES, P.A.

                                By    /s/ Lawrence A. Fuller
                                      Lawrence A. Fuller, Esquire
                                      *e-mail: LFuller@FullerFuller.com*

LAF:jl

Enc.
cc:    Nelson M. Stern, Esq.

Initial documents required by the Rules (jl 7-22-08).wpd