LAW OFFICES OF

# FULLER, FULLER & ASSOCIATES, P.A.

SUITE 609
12000 BISCAYNE BOULEVARD
NORTH MIAMI, FLORIDA 33181

(305) 891-5199
FAX (305) 893-9505

September 5, 2008

The Honorable Frank Maas
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

    Re:    *Access 4 All, Inc. et al. v. Ulster Heights Properties, Inc.*
                *Case No. 1:07-cv-2923-LBS- FM*

Dear Judge Maas:

       This letter is being submitted to the Court pursuant to the Order dated August 22, 2008, to address what Plaintiffs believe should be the proper scope of the inspection of Defendant's shopping center.

       At the Telephonic Hearing on August 22, 2008, Defendant's counsel insisted that the scope of the Plaintiffs' Rule 34 inspection should be limited to a few restaurants in Defendant's shopping center which is known as Prel Plaza.

       To date, the Plaintiffs' expert witness has not had the opportunity to conduct a Rule 34 inspection of the property in Prel Plaza in order to fully identify all barriers to access at the property which restrict and/or limit Plaintiffs' ability to access the facility. The law is well settled that once an initial barrier is encountered, restricting or limiting a Plaintiff's ability to access a facility, the Plaintiff has standing to raise all barriers at the facility related to the Plaintiff's disability. See Alliance for ADA Compliance, Inc. v. Edwin Frank, Case No. 01-7248-civ-Ungaro-Benages (S.D.FL. 2002); Steger v. Franco, 228 F.3d 889 (8th Cir. 2000); Parr v. L&L Drive-In Restaurant, 2002 WL 684800, at 1 (D. Haw. 2000). In interpreting Steger and Parr, one Court held:

> Generally, these cases permit plaintiffs to seek relief for any ADA violations in [a facility] affecting [their] specific disability. Accordingly, upon encountering an initial barrier, plaintiffs have standing to sue for unencountered, internal barriers they have not yet reached, their access having been blocked by the first violation.

The Honorable Frank Maas
September 5, 2008
Page 2

See Alliance for ADA Compliance, Inc., at Pg. 2. This rationale is premised on the undeniable reality that:

> ...The legal interest at stake is Plaintiff's right to patronize [Defendant's facility] free from discrimination. The discrimination occurred as soon as Plaintiff encountered an architectural barrier. Plaintiff should not be required to encounter every barrier seriatim within [Defendant's facility] to obtain effective relief...

Parr, 2000 WL 684800, 15; See also, Independent Living Resources v. Oregon Arena Corp., 982 F. Supp. 698, 762 (D. Or. 1997) (ordering injunctive relief for entire arena although it "is unlikely that any individual plaintiff will ever sit in each of the seats in the area, or use each of the restrooms, or attempt to reach each of the ketchup dispensers"). Plaintiffs should be granted the opportunity to conduct a full inspection of the property early in this action. See Amended Complaint, Paragraph 12, and Rule 34, Fed.R.Civ.P.

During the telephonic hearing on August 22, 2008, Defendant's counsel claimed that Prel Plaza include not only a few restaurants and parking facilities, but also lawyers' offices and professional offices, and that some of those offices were not open to the public. In reality, the facilities in Prel Plaza included not only restaurants and parking, but also a beauty salon, a dentist office, a dermatologist, real estate offices, legal offices, medical offices and a dry cleaners. (See attached Exhibit A, Google listing of some of the facilities in Prel Plaza advertising to the public.) They are places of public accommodation and as evidences by the listing in Google, are open to the public. 28 CFR Part 36.104 defines a public accommodation as "a facility, operated by a private entity, whose operations affect commerce and fall within at least one of the following categories - (2) a restaurant, bar, or other establishment serving food or drink; (5) a . . . shopping center, or other sales or rental establishment; (6) . . . dry cleaner, . . . beauty shop, . . . office of an accountant or lawyer, . . . professional office of a health care provider, . . . or other service establishment; (12) . . . health spa, . . . or other place of exercise or recreation.

Some of the numerous ADA violations and barriers to access at Prel Plaza are enumerated in paragraph 11 of the Amended Complaint [DE 5]. As explained in paragraph 12 of the Amended Complaint, "the discriminatory violations described in paragraph 11 (of the Amended Complaint) are not an exclusive list of the Defendant's ADA violations. "Plaintiffs require inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access." Major ADA violations and barriers to access, as explained in paragraph 11 of the Amended Complaint, concern lack of accessible routes, lack of accessible ramps, lack of accessible parking, lack of accessible stairway, and lack of accessible restroom facilities.

Defendant's concerns at the hearing on August 22, 2008, focused on the work product of attorney files and the privilege of medical records in doctors' offices. Such concerns are irrelevant to this ADA case, as the Plaintiffs expert has no intention of reviewing attorney files or medical records. A Rule 34 inspection in ADA actions, such as the one at bar, concerns the accessibility in the facility, not the contents of any lawyer's letter or document, or doctor's report.

FULLER, FULLER & ASSOCIATES, P.A.
ATTORNEYS AT LAW

The Honorable Frank Maas
September 5, 2008
Page 3

      Defendant cites <u>Schwab v. Wyndam Int'l., Inc.</u>, 225 F.R.D. 538 (N.D. Tex. 2005), in support of its position that the Rule 34 inspection should be limited to only those violations set forth in the Complaint. In response, the Complaint in the case at bar does not allege violations in one specific area in Defendant's shopping center, but, to the contrary, alleges ADA violations throughout Defendant's shopping center. See par. 11 of the Amended Complaint [DE 5]. Furthermore, the Schwab decision was a lawsuit for gender discrimination, and sought inspection of confidential and proprietary information such as customer account information, employee records, tax information, financial records, payroll records, sales and marketing plans, revenue goals, and investor profiles. In the case at bar, the Plaintiffs are bringing an ADA action for lack of accessibility, and are not requesting an inspection of any confidential or proprietary information.

      Similarly, Defendant's reference to <u>Erlich v. Incorporated Village of Sea Cliff</u>, 2007 WL 1593211 at *5 (E.D.N.Y.), is misplaced. In <u>Erlich</u>, the Rule 34 inspection in a suit alleging religious discrimination, was denied because the information sought to be obtained in the Rule 34 inspection, was held to be irrelevant to the lawsuit. Such a case is unlike the case at bar, where Plaintiffs are seeking to inspect, measure and photograph barriers to access to confirm their claim of lack of accessibility in Defendant's shopping center.

      Very truly yours,

      FULLER, FULLER & ASSOCIATES, P.A.

      /s/ Lawrence A. Fuller

      Lawrence A. Fuller

LAF:slm
Enclosures

cc:    The Hon. Leonard B. Sands
       Patricia E. Habas, Esq.
       Nelson Stern, Esq.

3849-Judge Maas ltr (slm 8-26-08).wpd