UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACCESS 4 ALL, INC., a Florida Not-for-Profit
Corporation, and NELSON M. STERN,
Individually,

    Plaintiffs,

    v.

ULSTER HEIGHTS PROPERTIES, INC.,
a New York Corporation,

    Defendant.

**MEMORANDUM & ORDER**

No. 07 Civ. 2923 (LBS)

SAND, J.

  Before the Court is a request for attorney's fees from Jerry Heiman, a dismissed Defendant in this case. Jerry Heiman brings this motion pursuant to 42 U.S.C. § 12205 to recover $3,900 in attorney's fees for the time that his brother, Aba Heiman, who is an attorney, spent defending Jerry Heiman in this action. For the reasons stated below and in Magistrate Judge Maas' Report and Recommendation of December 10, 2008 ("R&R"), the Court denies the application for attorney's fees.

### I. Background

  Plaintiffs brought an action on April 12, 2007, alleging that architectural barriers existing at Defendant Ulster Heights Properties, Inc.'s ("Ulster") Prel Plaza shopping mall unlawfully limited disabled individuals' use of the property in violation of the American with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). [1] The original complaint mistakenly named Jerry Heiman and Aba Heiman ("the Heimans") as sole defendants, alleging that they were the

---

[1] On January 12, 2009, this Court approved the stipulation of settlement between Plaintiffs and Ulster. The Clerk of the Court mistakenly closed the case while the present attorney's fee dispute between Plaintiffs and the Heimans was pending.

1

owners, lessors, or operators of Prel Plaza. This mistake was based upon a title search that Plaintiffs believed identified the Heimans as owners of the Prel Plaza property.[2]

After further investigation that suggested Ulster may be the owner of the property, Plaintiffs filed an amended complaint on May 14, 2007, adding Ulster as a defendant. Plaintiffs nevertheless continued to name the Heimans as defendants because they were not certain of the identity of the owner of Prel Plaza. However, Plaintiffs advised the Heimans that they did not need to spend further time on the matter until Plaintiffs resolved the issue of ownership. On or about June 18, 2007, the Heimans made initial disclosures, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, stating that they did not own Prel Plaza but that they held interest in the property located across the street from Prel Plaza.

On June 25, 2007, Plaintiffs proposed dismissal of the action without prejudice as against the Heimans. As of that date, no counsel had entered an appearance for Ulster to admit or deny ownership of Prel Plaza. The Heimans objected to the proposed dismissal, asking for the dismissal to be with prejudice and for an award of attorney's fees. On July 24, 2007, the Court dismissed the action against the Heimans without prejudice and reserved the attorney's fees issue for evaluation after the resolution of the claim against Ulster.

The Heimans were represented in the action by Aba Heiman. Recognizing that an attorney representing himself is not entitled to recover attorney's fees, Aba seeks to recover fees totaling $3,900 based on the time he spent defending the action on behalf of his brother, Jerry.

**II.      Defendant Not Entitled to Attorney's Fees**

The general rule in the United States is that litigants must pay their own attorney's fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 250 (1975). Congress has provided only limited exceptions to this rule "under selected statutes granting or protecting

---

[2] The facts in this section are drawn from the R&R.

various federal rights." *Id.* at 260.  The ADA is one of these statutes.  The Act permits courts, in their discretion, to award the prevailing party a reasonable attorney's fee.  42 U.S.C. § 12205.

In order for a prevailing defendant to be awarded attorney's fees, he must show that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *accord Parker v. Sony Pictures Entm't, Inc.,* 260 F.3d 100, 111–12 (2d Cir. 2001).  District courts should not engage in post hoc reasoning in determining whether a suit was frivolous, because the prospects for a plaintiff's success are difficult to assess at the outset of a suit.  *Christiansburg,* 434 U.S. at 422.  The Supreme Court has set this higher standard for a defendant seeking attorney's fees for two reasons.  First, a prevailing plaintiff vindicates an important public interest—the prevention of discrimination against disabled Americans.  *See Christiansburg*, 434 U.S. at 418.  Secondly, when an award is made to a prevailing plaintiff, it is enforced against a defendant that has violated federal law.  *Id.*  These equitable considerations are not present when evaluating an award of attorney's fees to a prevailing defendant.

Heiman's motion does not meet the standard set by the Supreme Court.  The claims against the Heimans were not frivolous or unreasonable, as Plaintiffs believed in good faith, based on a reliable title search service, that the Heimans were the owners, lessors, or operators of Prel Plaza.  Furthermore, Plaintiffs proposed dismissal of the action against the Heimans shortly after the Heimans provided Rule 26(a)(1) disclosures stating that the property they owned was across the street from Prel Plaza.  Even though the facts supporting Plaintiffs' claims may have been questionable at the outset of litigation, the Court cannot unequivocally say that Plaintiffs' claim should have never been brought.  *E.g. Hughes v. Rowe*, 449 U.S. 5, 15 (1980); *Christiansburg*, 434 U.S. at 422; *Minnich v. Gargano*, No. 00 Civ. 7481, 2002 U.S. Dist. LEXIS

7164, at *9 (S.D.N.Y. 2002).  We decline to reason in hindsight that Plaintiffs knew, at the time they filed the complaint and amended complaint, that they would be unable to prove an element of their case.

Jerry Heiman's motion for attorney's fees is denied.  The Clerk of the Court is instructed to re-open the case for the purpose of entering this judgment, and thereafter mark the case as closed.

**SO ORDERED.**

Dated: February 2, 2009
New York, NY

_____
U.S.D.J.